**J.D. RING, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE of MISSOURI, Appellant.**

**No. WD 43421.**

Missouri Court of Appeals, Western District.

Feb. 5, 1991.

William L. Webster, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Jefferson City, for appellant.

Robert B. Zeldin, Kansas City, for respondent.

Before GAITAN, P.J., and TURNAGE and KENNEDY, JJ.

KENNEDY, Judge.

Appellant J.D. Ring on June 20, 1989, was riding his BMW motorcycle along a public highway, on the way to have it inspected so he could obtain license plates therefor. The registration and the license plate had expired two years before. He did not maintain financial responsibility on the vehicle, by way of insurance or otherwise, as required by the Motor Vehicle Financial Responsibility Law, Chapter 303, RSMo 1986. The Director of Revenue in accordance with § 303.041.1[1] suspended Mr. Ring's driver's license for 60 days. Mr. Ring first availed himself of an administrative hearing, § 303.290, where the administrative hearing officer upheld the determination of the Director. Upon appeal to the circuit court of Jackson County, the Director's determination was reversed and Mr. Ring's driver's license was reinstated. The Director has appealed to this court. We reverse and reinstate the determination of the Director.

Section 303.025.1 forbids the owner of any vehicle "registered in this state" to

---

**1.** All section references are to the Revised Statutes of Missouri 1986, unless otherwise indi- cated.

operate the same unless he maintains the financial responsibility "as required in this section." Mr. Ring says since the registration of his motorcycle was not current, it was not "registered in this state," and therefore is not a vehicle included in the financial responsibility requirements of § 303.025.1.

We hold, however, that Mr. Ring's motorcycle was "registered in this state" for the purposes of § 303.025.1, even though the registration was delinquent. It would be an absurd result to say the statute's financial responsibility requirements applied to an automobile while its registration was current, and ceased to apply when the registration expired. Such an absurd result should be avoided unless required by the plain terms of the statute. The language of this statute does not demand such a construction.

The circuit court's duty on trial de novo to "determine the reasonableness of the director's decision, finding or order," § 303.290.2, does not authorize the circuit court to carve out exceptions to the statute. The "reasonableness" of the Director's decision, to be determined by the circuit court, relates only to the factual determinations and the Director's correct application of the statute to the facts; it does not allow the circuit court to determine the "reasonableness" of the statutory terms.

The judgment of the circuit court is reversed and the determination of the Director is reinstated.

All concur.