STATE of Missouri ex rel. Ray
BERNSEN, Appellant,

v.

CITY OF FLORISSANT et al.,
Respondents.

No. 40287.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 25, 1979.

Michael J. McAvoy, Wallach & McAvoy, Fenton, for appellant.

V. Jack Muehlenkamp, Dellwood, for respondents.

PUDLOWSKI, Judge.

Appeal from the St. Louis County Circuit Court affirming the action of the Personnel Commission of the City of Florissant (here-inafter referred to as the Commission) which dismissed appellant from the City of Florissant Police Department (hereinafter referred to as the Department).

The pertinent facts gleaned from the record reveal that appellant, on or about August 10, 1977, was suspended from the Department. Until dismissed, appellant had served 12 years as a police officer. Appellant's dismissal was precipitated when a female prisoner, who was confined in the Department's jail and who has a long history of arrests and convictions, accused appellant of coercing her to perform an act of oral sodomy upon the appellant. In due course the Department's Chief of Police was advised of the prisoner's allegation against appellant. The Chief ordered a superior ranking officer, a Major, to investigate the incident and to file a full written report of his investigation. On August 8, 1977, the Chief ordered appellant to undergo a polygraph examination. Appellant appeared at the predesignated place for the test and was apparently prepared to take the polygraph examination but, at the last moment appellant refused to subject himself to the test. Later, the Major completed his investigation and filed a report of his findings. Further, the Major conferred with the St. Louis County Prosecuting Attorney's Office and informed its Warrant Office of the alleged incident.[1] After being informed that appellant refused to undergo the polygraph examination the Chief again requested appellant to take the test. After appellant refused to undergo the polygraph examination for a second time he was discharged from the Department. Subsequently, the matter was brought to the Commission which held an evidentiary hearing and ordered appellant dismissed from the Department. Appeals to the circuit court and this court followed.

Appellant's first two assignments of error fail because they do not comply with Rule 84.04(d). Appellant has failed to

---

1. From the record we are unable to determine whether the Prosecutor's Office took criminal action against appellant.

comply with this rule because he did not specifically allege in his brief wherein and why the trial court erred. Rule 84.04(d) requires points on appeal to be specific and does not obligate an appellate court to search the record to establish wherein and why the complained of ruling is erroneous. *Barber v. M.F.A. Milling Co.,* 536 S.W.2d 208, 209–210 (Mo.App.1976); *Thummel v. King,* 570 S.W.2d 679, 685 (Mo.banc 1978). See also Weier & Fairbank, Why Write a Defective Brief? 33 J.M.B. 79, 88–91 (1977). We decline appellant's invitation to engage in a hunting expedition to determine wherein and why the trial court erred.

In his third point on appeal appellant argues that the decision of the Commission should be set aside because it was not supported by competent and substantial evidence.

█ Unfortunately, we are unable to review appellant's third contention because the record on appeal does not include the decision, findings of fact or conclusions of law made by the Commission. In sum, appellant has failed to provide us with an adequate record of the Commission's actions. Rules 81.12(b), 81.14(a). Thus, we are unable to make an intelligent determination of appellant's third point on appeal and it is hereby dismissed. *Empire Gas Corp. v. Randolph,* 552 S.W.2d 82 (Mo.App. 1977); *Adams v. American Paving and Construction Corp.,* 488 S.W.2d 283 (Mo.App. 1972).

█ Ordinarily, the foregoing would conclude this appeal since it disposes of all the allegations of error raised by appellant in his brief. *Johnson v. Duensing,* 332 S.W.2d 950, 953 (Mo.banc 1960); *Rasco v. Rasco,* 447 S.W.2d 10, 15 (Mo.App.1969). However, we reverse the trial court's judgment in the interest of justice, Rule 84.13(c), because appellant was denied due process of law. We are moved to invoke the plain error rule, Rule 84.13(c), because the Personnel Commission failed to follow the proper procedure during the hearing it held to determine appellant's status with the Department. The transcript on appeal, although it is inadequate in many other respects, shows that at the hearing the Commission initially announced that the Department would present its evidence first; then appellant would be given an opportunity to respond and present his evidence, if any. The Department's attorney objected and argued that appellant should present his evidence first because he had the "burden of carrying the appeal." The Commission sustained the objection and followed the procedure recommended by the Department's attorney. Thus, appellant had the burden of proving that his discharge was improper. Due process dictates that when the Chief of Police sought to deprive appellant of his job, the Chief should carry the burden of proving that appellant's conduct disqualified him from holding that position. Since the Personnel Commission hearing was the first evidentiary hearing of an adversary nature we hold the Chief of Police had the burden of proof and should be required to put on his case first. Further, if the Chief has made a prima facie case the appellant should be required to go forward with his evidence. *Cole v. Litz,* 562 S.W.2d 795, 798–799 (Mo.App.1978); *Heidebur v. Parker,* 505 S.W.2d 440, 444 (Mo.App.1974). This procedure serves the interest of justice because it is only fair that the Chief should be required to prove the accusations and charges he has filed against appellant before the appellant is discharged.

The judgment is reversed and this cause is remanded to the circuit court with directions to reverse the order of the Personnel Commission of the City of Florissant and order a rehearing in accordance with this decision.

SNYDER, P. J., and SMITH, J., concur.