Allen Lynn McGEE, David Glen Sachs, Jr., and Terry Russell, Appellants,

v.

DEPARTMENT OF REVENUE OF the STATE OF MISSOURI, and Director of the Department of Revenue of the State of Missouri-Paul S. McNeill, Jr., Respondents.

No. WD 39459.

Missouri Court of Appeals, Western District.

Oct. 13, 1987.

Wally Bley of Sapp, Woods, Orr, Bley and Eng, Columbia, for Sachs.

Russell Milt Harper, Columbia, for McGee.

Jerome S. Antel III, Asst. Pros. Atty., Boone County, Columbia, for respondents.

Before MANFORD, P.J., and NUGENT and GAITAN, JJ.

MANFORD, Presiding Judge.

Appellants appeal from the orders of the Circuit Court of Boone County granting summary judgment in favor of respondents. This appeal originated in three separate actions but because the facts in each case are similar, and each case requires the interpretation of the same statute, the cases were consolidated on appeal by order of this court and are herein disposed of as one.

The pertinent facts are as follows:

Appellants McGee, Sachs, and Russell each were convicted twice under the laws of the state of Missouri for driving while intoxicated. McGee was convicted on June 6, 1977, and December 1, 1986. Sachs was convicted on July 31, 1972, and January 27, 1987. Russell was convicted on January 2, 1973 and January 16, 1987. A total of nine years separates McGee's convictions, fourteen years separates Sachs' conviction, and fourteen years separates Russell's convictions.

Following their second conviction, each appellant received a Notice of Loss of Driving Privilege from respondents, informing them that their privilege to legally operate a motor vehicle in Missouri had been denied for five years due to each having been twice convicted for driving while intoxicated.

Upon receiving such notice, each appellant filed a petition for review of respondents' decision in the Circuit Court of Boone County, Missouri. Appellants Sachs and Russell each filed a motion for summary judgment.

On May 20, 1987, the court entered a notice of entry of summary judgment in favor of respondents and against each appellant. Each appellant timely filed his

notice of appeal and, as stated supra, said appeals were consolidated herein.

Appellants raise a single point and charge that the trial court erred in granting summary judgment in favor of respondents because the court erroneously interpreted the law and appellants were entitled to summary judgment as a matter of law.

Appellants were denied the privilege to legally operate a motor vehicle in the state of Missouri pursuant to § 302.060(10), RSMo 1986, which states:

The director shall not issue any license hereunder:

\* \* \* \* \* \*

(10) To any person whose application shows that he was, within five years prior to such application, convicted for the second time of violating the laws of this state relating to driving while intoxicated ...

On July 14, 1987, the Missouri legislature enacted, and the governor signed into law, Senate Bill No. 230, which repealed § 302.060(10), RSMo and enacted a new section which states:

302.060. The director shall not issue any license hereunder:

\* \* \* \* \* \*

(10) To any person who has been convicted twice within a five-year period of violating the laws of this state relating to driving while intoxicated, or who has been convicted of the crime of involuntary manslaughter while operating a motor vehicle in an intoxicated condition. The director shall not issue a license to such person for five years from the date such person was convicted for involuntary manslaughter while operating a motor vehicle in an intoxicated condition or for driving while intoxicated for the second time. Any person who has been denied a license for two convictions of driving while intoxicated prior to the effective date of this subdivision shall have their license issued, upon application, unless the two convictions occurred within a five-year period, in which case, no license shall be issued to the person for five years from the date of the second conviction;

The new § 302.060(10) became effective September 28, 1987.

In enacting the new section, the legislature clearly evidences its intent to codify this court's previous interpretation of § 302.060(10) as set forth in *Breeze v. Goldberg*, 595 S.W.2d 381, 383 (Mo.App. 1980). The legislature also lays to rest any doubts of this court's interpretation as it was questioned by the supreme court in *Messer v. King*, 698 S.W.2d 324 (Mo. banc 1985).

It is obvious that the above revision of § 302.060(10) is retroactive and thus applicable to the present case. Appellants are entitled to the application of the new statute.

The judgments are reversed and the causes are remanded to the circuit court with directions for the circuit court to in turn direct respondents to enter a decision rescinding their previous decision of denial of the loss of driving privileges for five years due to and upon appellants having been twice convicted for driving while intoxicated as said initial decision applied to appellants herein.

This judgment shall not be construed as having any application to the denial of driving privileges for appellants herein upon any other basis, if any exists, but applies only to such denial based upon § 302.060(10).

It is so ordered.

All concur.