**Donald Maurice STALLMANN,
Petitioner/Respondent,**

v.

**DIRECTOR OF REVENUE, State of
Missouri, Respondent/Appellant.**

No. 59484.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 10, 1991.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 9, 1991.

James Artelle Chenault, II, Government Counsel, Jefferson City, for respondent/appellant.

Donald Maurice Stallmann, pro se.

REINHARD, Presiding Judge.

The Director of Revenue appeals from a judgment of the circuit court reversing an order of license suspension entered by an administrative hearing officer of the Department of Revenue pursuant to the Motor Vehicle Financial Responsibility Law, §§ 303.010—303.070, RSMo 1986 and Supp. 1988. We reverse.

The Director of Revenue was notified pursuant to § 303.024.5, RSMo 1986, that petitioner on June 19, 1989, failed to exhibit the insurance identification card for his 1967 Ford pickup truck upon the request of a Jefferson County Sheriff's Department Officer. This notice became part of a sample selected for financial responsibility verification pursuant to § 303.024.3, RSMo 1986. On July 13, 1989, the Director, pursuant to § 303.041, RSMo 1986, sent notice to petitioner that his driver's license would be suspended for one year unless he provided evidence to show he was in compliance with § 303.025 or requested an administrative hearing.

At the hearing, the Administrative Hearing Officer found petitioner in violation of § 303.025 and, since it was his second violation, suspended his driving privileges for one year pursuant to § 303.042.2(2), RSMo 1986.

A petition for review was filed in the Circuit Court. Petitioner asserted five grounds for relief: that notice of suspension from the Director of Revenue was not

properly signed; that petitioner "was not properly noticed of first and second rendition of judgment"; that one conclusion of law misstated § 303.025, RSMo 1986; that the Director of Revenue lacked statutory authority in the proceeding; and finally, that the vehicle was not registered in Missouri because his license plates had expired.

After a hearing on the petition for review, the court set aside the suspension for the reason that the Director of Revenue had not shown that petitioner operated the vehicle. Petitioner had not alleged this as a ground for relief in his petition for review. *See Cillo v. Director of Revenue,* 782 S.W.2d 81, 82 (Mo.App.1989).[1]

The record clearly reveals that petitioner had no basis for relief under any of his alleged grounds. The only one requiring discussion is his claim that his failure to comply with renewal of registration requirements exempts him from the proof of insurance requirement. Section 303.025.1 provides, "No owner of a motor vehicle registered in this state shall operate the vehicle or authorize any other person to operate the vehicle, unless the owner maintains the financial responsibilities required in this section." Our colleagues in the Western District recently rejected petitioner's argument, holding that:

> It would be an absurd result to say the statute's financial responsibility requirements applied to an automobile while its registration was current and ceased to apply when the registration expired. Such an absurd result should be avoided unless required by the plain terms of the statute. The language of the statute does not demand such a construction.

*Ring v. Director of Revenue,* 803 S.W.2d 183, 184 (Mo.App.1991).

We agree.

**1.** The court erroneously believed that the Director was required to prove that the petitioner both owned and operated the uninsured vehicle. The court stated at the hearing: "What evidence do we have that he operated this vehicle?" and found "there is no fact shown in the record that the petitioner operated the vehicle ..." The record reveals two police reports showing the

Judgment reversed and suspension order of the Department of Revenue reinstated.

GARY M. GAERTNER and CRANE, JJ., concur.

petitioner as the driver and in his own affidavit he refers to what the officer said after the "stops". In any event, § 303.025.1 states: "No owner of a motor vehicle registered in this state shall operate the vehicle or authorize any other person to operate the vehicle, unless the owner maintains the financial responsibilities required in this section."