**Mark Leon SILMAN, Plaintiff–Respondent,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Defendant–Appellant.**

No. 19175.

Missouri Court of Appeals,
Southern District,
Division One.

June 14, 1994.

Motion for Rehearing or Transfer
Denied July 6, 1994.

---

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for defendant/appellant.

Bruce Lawrence, Sikeston, for plaintiff/respondent.

SHRUM, Judge.

The Director of Revenue of Missouri (Director) appeals from a circuit court order setting aside revocation of Mark Leon Silman's operator's license and reinstating his driving privileges. We reverse the order of the circuit court and modify the revocation.

Silman (Licensee) was convicted of driving while intoxicated in New Madrid County on June 28, 1982, and December 13, 1983, and in Butler County on June 29, 1993, each in violation of RSMo § 577.010.

1. The June 29, 1993, conviction was entered on Licensee's record on July 27, 1993.

2. Section 302.060, RSMo Supp.1991, provides, in pertinent part:
   "The director shall not issue any license hereunder:
   . . . .
   (9) To any person who has been convicted more than twice of violating state law or a county or municipal ordinance, where the judge in such cases was an attorney and the defendant was represented by or waived the right to an attorney in writing, relating to driving while intoxicated; except that, after the expiration of ten years from the date of conviction of the last offense of violating such law or ordinance relating to driving while intoxicated, a person who was so convicted may petition the circuit court of the county in which such

By means of Department of Revenue Form 104, "Notice of Loss of Driving Privilege," dated August 4, 1993, Director advised Licensee that, effective September 10, 1993, his "privilege to legally operate a motor vehicle has been denied for 10 year minimum" because of "multiple DWI convictions." The final two entries in the "Driving Record" portion of the notice state, in pertinent part, "DWI 07–27–93 [1] Butler [County] 12.0 [points assessed]" and "09–10–93 Revocation." The notice advised Licensee of his right "to appeal this decision to the circuit court of your county of residence in accordance with Section 302.311, RSMo."

Following the dictates of § 302.311, RSMo 1986, Licensee appealed to the circuit court by filing a petition for review. In his petition Licensee admitted the convictions but asserted the "proposed revocation ... is improper and not supported by the record" because on the occasion of his 1982 conviction he was not represented by an attorney and did not waive the right to an attorney in writing "as required by RSMo Section 302.060(9)." [2]

In her answer and accompanying suggestions, Director confirmed her reliance on § 302.060(9), RSMo Supp.1991, as authority to deny Licensee's driving privileges for a period of ten years and argued that Licensee's interpretation of the statutory subdivision, as amended in 1991, was erroneous.

On September 3 the circuit court ordered Director "to stay the proposed revocation" until the date of the hearing. On October 19 the court heard evidence,[3] concluded that

last conviction was rendered and the court shall review the person's habits and conduct since such conviction. If the court finds that the petitioner has not been convicted of any offense related to alcohol, controlled substances or drugs during the preceding ten years and that his habits and conduct show him to no longer pose a threat to the public safety of this state, the court may order the director to issue a license to the petitioner if he is otherwise qualified under the provisions of sections 302.010 to 302.540. No person may obtain a license under the provisions of this subdivision through court action more than one time;"

3. That no record was made of the hearing does not hinder our review because the resolution of this appeal turns on questions of law that may be answered by reference to the record as it exists.

"the allegations contained in [Licensee's] Petition are true," set aside the revocation, and reinstated his driving privileges.

Section 302.311, RSMo 1986, which applied to the circuit court's review and applies to our review, provides in pertinent part:

"In the event an application for a license is denied or withheld, or in the event that a license is suspended or revoked by the director, the applicant or licensee so aggrieved may appeal to the circuit court of the county of his residence in the manner provided by chapter 536, RSMo, for the review of administrative decisions at any time within thirty days after notice that a license is denied or withheld or that a license is suspended or revoked. Upon such appeal the cause shall be heard de novo and the circuit court may order the director to grant such license, sustain the suspension or revocation by the director, set aside or modify the same, or revoke such license. Appeals from the judgment of the circuit court may be taken as in civil cases."

■ Because under the statute an appeal from the circuit court's judgment is "taken as in civil cases," we review the judgment of the circuit court rather than Director's decision. *Martens v. Director of Revenue*, 819 S.W.2d 778, 780[1] (Mo.App.1991).[4] Our review is governed by Rule 73.01 and *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). *Martens*, 819 S.W.2d at 780[2]. We will affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d at 32[1].

■ In her first point on appeal, Director again raises the issue of the interpretation of § 302.060(9), RSMo Supp.1991. The argument is premature, as it was in the trial court. Contrary to the apparent assumption of both parties, there is no language in § 302.060 that grants authority to the director of revenue to revoke an operator's permit; the statute prohibits the director of revenue from issuing a license to certain applicants.[5] Nor does § 302.060(9) refer to a revocation period of ten years. The statutory ten-year period is the length of time a person to whom issuance of a license has been denied under § 302.060(9) must wait before petitioning the circuit court to order the director of revenue to issue a license. This case is not an appeal from a refusal of Director to issue a license; § 302.060(9) simply does not apply. The portion of the notice that states Licensee's "privilege to legally operate a motor vehicle has been denied for 10 year minimum" is nothing more than unartfully drafted, premature advice of the ten-year waiting period Director likely would seek to enforce against Licensee if he reapplies for a driver's license. As they did in their pleadings and at trial, the parties, in their Point I arguments, debate a non-justiciable controversy.

■ Issuance of a driver's license is no more than a personal privilege; however, once granted, the license may not be revoked arbitrarily but only in the manner and on the grounds provided by law. *Knierim v. James*, 677 S.W.2d 322, 324–25[2] (Mo. banc 1984). However, Director's inability to use § 302.060(9), RSMo Supp.1991, to revoke a driver's license does not require us to affirm the trial court judgment. As Director asserts in her Point III, Licensee was subject to a one-year revocation because of his accumulation of points.

■ In his petition, Licensee admitted the June 1993 DWI conviction (entered July 27, 1993, on his driving record). Director's assessment of 12 points was correct under § 302.302, RSMo Supp.1989.[6] Under § 302.-

---

4. *Martens* involved the application of § 303.290, RSMo 1986, which contains language identical to that of § 302.311 regarding appeals from the judgment of the circuit court.

5. *See Messer v. King*, 698 S.W.2d 324, 325 (Mo. banc 1985), in which the court, construing § 302.060(10), stated, "The statutory language is crystal clear.... By the plain language of the statute, each [licensee] was ineligible to apply."

6. Section 302.302, RSMo Supp.1989, governing assessment of points, provides, in pertinent part:

"1. The director of revenue shall put into effect a point system for the suspension and revocation of licenses. Points shall be as-

304.6, RSMo Supp.1991, Director was required to revoke Licensee's license and driving privileges for one year because he had accumulated 12 points within a 12–month period.[7] Director had no discretion to do anything but revoke. *Kersting v. Director of Revenue,* 792 S.W.2d 651, 653[3] (Mo.App. 1990); *Brown v. Director of Revenue,* 772 S.W.2d 398, 400[2] (Mo.App.1989). The trial court's failure to sustain a one-year revocation was an erroneous application of the law. *See Murphy v. Carron,* 536 S.W.2d at 32[1].

Rule 84.14 requires this court to dispose finally of a case unless justice requires us to do otherwise. *See Cillo v. Director of Revenue,* 782 S.W.2d 81, 82 (Mo.App.1989) (court of appeals reversed trial court order and reinstated order of department of revenue without remand). We reverse the judgment of the trial court and reinstate the revocation of Licensee's license and driving privileges for a period of one year effective as of the date of this court's mandate.

In his response to Director's Point III, Licensee argues, "If [Director] believes that [Licensee's] driving privileges should be revoked for one year based upon a different theory, [Director] may issue the appropriate

notice." Licensee's argument ignores the fact that he has already received appropriate notice of a one-year revocation based on accumulation of points. Section 302.304.1, RSMo Supp.1989, requires the director of revenue to notify a driver of the points charged against his record when four or more points have accumulated in a twelve-month period. Director did so in the August 4, 1993, Form 104. We find no statutory provision requiring notification of suspension or revocation based on accumulation of points that is separate from the point accumulation notification.[8]

■ The import of Licensee's argument pertaining to Director's Point III is twofold: (1) the August 4, 1993, notice was incomplete or misleading and, as a result, the hearing in circuit court did not satisfy the due process clause with respect to a one-year revocation based on accumulation of points,[9] and (2) this court should confine its consideration of this appeal to the issue upon which the trial court based its decision, namely, the interpretation of § 302.060(9), RSMo 1991.

■ We first consider the due process issue under the plain error standard of 84.-

sessed only after a conviction or forfeiture of collateral. The initial point value is as follows:
   (8) For the second or subsequent conviction of driving while in an intoxicated condition.... 12 points"

7. Section 302.304.6, RSMo Supp.1991, provides, in pertinent part:
   "The director shall revoke the license and driving privileges of any person when his driving record shows he has accumulated twelve points in twelve months.... The revocation period of any person whose license and driving privilege has been revoked under the provisions of sections 302.010 to 302.540 and who has filed proof of financial responsibility with the bureau of safety responsibility in accordance with chapter 303, RSMo, and is otherwise eligible, shall be terminated by a notice from the director of revenue after one year from the effective date of the revocation.... Any person whose license and driving privilege has been revoked under the provisions of sections 302.010 to 302.540 shall, upon receipt of the notice of termination of the revocation from the director, pass the complete driver examination and apply for a new license before again operating a motor vehicle upon the highways of this state."
   Two versions of § 302.304 were enacted by the general assembly in 1991, one version approved

June 20, 1991, to become effective July 1, 1992, and the second version approved July 11, 1991, to become effective August 28, 1991. *See* 1991 Mo.Laws at pages 702–19, 820–26, and 1133–34. Both versions are printed in RSMo Cum.Supp. 1991. Reproduced above is the version approved July 11, 1991.

8. Section 302.515.3, RSMo 1986, establishes notice requirements for suspension or revocation under the procedures of §§ 302.500–302.541. Although a properly completed Form 104 likely would satisfy the § 302.515.3 requirements, we find no authority for direct application of that subsection to a revocation based on accumulation of points.

9. The due process clause of the Fourteenth Amendment, which applies to the revocation of a driver's license by the state, requires a "meaningful" hearing at which all elements essential to the revocation are considered. *Jarvis v. Director of Revenue,* 804 S.W.2d 22, 24[2, 3] (Mo. banc 1991). In arguing there was no "appropriate notice" of a one-year revocation, Licensee does not directly assert a due process violation. Thus our review is for plain error under Rule 84.13(c). *See State ex rel. Bernsen v. City of Florissant,* 588 S.W.2d 194, 196[4] (Mo.App.1979).

13(c). Director's notice advised Licensee of the July 27, 1993, assessment of 12 points and the revocation effective September 10, 1993. The assessment of points and a revocation based on accumulated points were correct under the statute. Licensee did not challenge the conviction that resulted in the July 27, 1993, assessment of points. Licensee's driving record reveals eight occasions on which points were assessed against him and five occasions on which his operator's license has been suspended or revoked. Licensee was represented by counsel on the occasion of his June 29, 1993, conviction and in his appeal of the revocation to the circuit court. Under these circumstances, no manifest injustice or miscarriage of justice resulted to Licensee, even though Director's use of one Form 104 to notify Licensee of two actions was cumbersome and potentially confusing.[10]

Regarding Licensee's assertion that we should limit our disposition of this appeal to interpretation of § 302.060(9), RSMo Supp. 1991, we note that Licensee limited his petition for review to the statutory construction question. Understandably, Director responded in kind. However, Licensee is deemed to be aware of the consequences of the assessment of 12 points within a 12–month period, *see, e.g., Poe v. Illinois Cent. R.R. Co.,* 339 Mo. 1025, 99 S.W.2d 82, 89[8] (1936), and his driving record makes clear he is not a novice in that regard. Had Licensee desired to challenge the assessment of points or the effect of the accumulation of points, he could have done so.

Licensee's reliance on *McGee v. Department of Revenue,* 737 S.W.2d 781 (Mo.App. 1987), for his argument regarding Director's Point III is misplaced. In *McGee,* the court of appeals held the 1987 amendment to § 302.060(10) was retroactive and thus applicable to the cases of the three appellants. 737 S.W.2d at 782. However, the procedural aspects of the three cases involved in *McGee* are unclear. Nowhere in the opinion does the court of appeals state that the licenses of the appellants were revoked. Because of our

conclusion that § 302.060 does not apply to the case before us, *McGee* is not applicable.

The judgment of the trial court is reversed and the revocation of Licensee's operator's license and driving privileges for a period of one year is reinstated. We modify the revocation to make it effective as of the date of this court's mandate.

PARRISH, C.J., and MONTGOMERY, J., concur.

---

10. The sequence of events that the statutes contemplate for a case like the one before us is illustrated in the factual recitations of *Williams v.*

*Schaffner,* 477 S.W.2d 55, 56 (Mo. banc 1972), and *Breeze v. Goldberg,* 595 S.W.2d 381, 382 (Mo.App.1980).