**Lee Roy COLONIUS, Jr.,**
**Petitioner/Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Defendant/Appellant.**

No. 65284.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 27, 1994.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Harvey C. Avellone, St. Louis, for respondent.

REINHARD, Judge.

The Director of Revenue (Director) appeals from an order of the circuit court reinstating petitioner's driving privileges suspended for ten years by the Director pursuant to § 302.060(9), RSMo Supp.1993.[1]

Petitioner has been convicted of Driving While Intoxicated (DWI) three times; on June 30, 1972, in St. Charles County, on July 22, 1983, in St. Louis County, and on October 29, 1992, in St. Louis County. In response to the last conviction, the Director sent petitioner a "Notice of Loss of Driving Privilege," dated November 17, 1992. This notice informed petitioner that effective October 29, 1992, his "privilege to legally operate a motor vehicle has been denied for 10 year minimum" because of "multiple DWI convictions." The record indicates that the Director was acting pursuant to § 302.060(9). This section provides:

> The director shall not issue any license hereunder:
>
> \* \* \* \* \* \*
>
> (9) To any person who has been convicted more than twice of violating state law or a county or municipal ordinance, where the judge in such cases was an attorney and the defendant was represented by or waived the right to an attorney in writing, relating to driving while intoxicated;....

Petitioner timely filed a two-count petition in circuit court. Count I asked that the court reinstate his driving privileges because in his June 30, 1972 conviction he was not represented by an attorney, nor did he waive in writing his right to an attorney. Thus, he argued, that conviction should not be included in determining the number of convictions under § 302.060(9). Count II, in the alternative, asked the court for hardship driving privileges. After a hearing, the court found that petitioner's June 30, 1972 DWI conviction should not be used in determining the number of convictions under § 302.-060(9). The court ordered the Director "to

---

1. All statutory citations refer to RSMo Supp. 1993.

remove from [sic] the 10 year denial from petitioner's license, and any reference thereto, and shall forthwith reinstate petitioner's operator license if otherwise eligible[.]" The Director appeals this order asserting it is appropriate to include petitioner's June 30, 1972 DWI conviction in determining the number of convictions under § 302.060(9).

The case of *Silman v. Director of Revenue,* 880 S.W.2d 574 (Mo.App.S.D.1994), is dispositive of the issues on this appeal. In *Silman,* the Southern District of this court held that § 302.060(9) provides a basis for the Director to deny *issuing* a license to an applicant; the statute does not grant the Director authority to *suspend or revoke* an operator's driving privileges. *Id.,* at 576.

This case is not an appeal from a refusal of Director to issue a license; § 302.060(9) simply does not apply. The portion of the notice that states Licensee's "privilege to legally operate a motor vehicle has been denied for 10 year minimum" is nothing more than unartfully drafted, premature advice of the ten-year waiting period Director likely would seek to enforce against Licensee if he reapplies for a driver's license. As they did in their pleadings and at trial, the parties, in their Point I arguments, debate a non-justiciable controversy.

*Id.* at 576. Thus, it was error for the court to rule on Count I. We vacate the court's order.

 We further note, however, that the Director correctly assessed 12 points against petitioner for the October 29, 1992 DWI conviction pursuant to § 302.302. The Director is required to revoke petitioner's license and driving privileges for one year because he had accumulated 12 points within a 12–month period. *Silman,* at 576–77; § 302.304.6. The record is unclear concerning this mandatory revocation and petitioner's Count II request for hardship driving privileges. As did the court in *Silman,* we modify the Director's revocation of petitioner's license and driving privileges to a period of one year effective as of the date of this court's mandate. We also remand to the circuit court to rule on petitioner's Count II.

We vacate the court's order on Count I, modify the revocation to one year and remand to determine Count II.

GARY M. GAERTNER and CRAHAN, J., concur.