**Robert D. JOHNSTON, Petitioner/Respondent,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Defendant/Appellant.**

No. 65903.

Missouri Court of Appeals, Eastern District, Division One.

Oct. 18, 1994.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Edward Rex Bradley, Louisiana, for respondent.

CRAHAN, Judge.

The Director of Revenue ("Director") appeals from an order of the circuit court setting aside the revocation of Petitioner's driv-

ing privileges suspended for ten years by the Director pursuant to § 302.060(9), RSMo Supp.1993.

Robert D. Johnston ("Petitioner") was issued a notice from Director on September 27, 1993, indicating that his driving privileges had been denied for a minimum of ten years due to multiple convictions relating to driving while intoxicated. The record indicates that Director was acting pursuant to § 302.060(9), RSMo Supp.1993, which provides in part:

The director shall not issue any license hereunder:

   *      *      *      *      *      *

(9) To any person who has been convicted more than twice of violating state law or a county or municipal ordinance, where the judge in such cases was an attorney and the defendant was represented by or waived the right to an attorney in writing, relating to driving while intoxicated; ...

Petitioner's notice reflected that he had been convicted of Driving While Intoxicated ("DWI") in 1973 and 1988 in Pike County, as well as in 1981 in a Vandalia municipal court. It also noted that as a result of a Blood Alcohol Content ("BAC") conviction on August 24, 1993, Petitioner had been assessed twelve points against his driving record.

Petitioner filed for review in the circuit court asking that his driving privileges be reinstated at the end of the one year period of suspension following the conviction of BAC on August 24, 1993. He argued that because he was not represented by an attorney and did not waive his right to an attorney in writing in connection with either the 1973 or the 1981 DWI convictions, they could not be included when determining the number of convictions necessary for suspension under § 302.060(9). He further stated that the Vandalia municipal conviction could not be included because the judge in that case was not an attorney.

In her answer and accompanying suggestions, Director confirmed her reliance on § 302.060(9), RSMo Supp.1993, as authority to deny Petitioner's driving privileges for a period of ten years and argued that Petitioner's interpretation of the statute was erroneous.

After a hearing on the matter, the court entered an order finding that although the language of § 302.060(9) was broad enough to encompass BAC as well as DWI convictions, Petitioner's revocation must be set aside because the language concerning representation by counsel applied to state law convictions as well as municipal convictions. Thus, Petitioner failed to have the requisite number of convictions under § 302.060(9). The court ordered that Petitioner's driving privileges be reinstated at the end of the one year revocation for the assessment of points which ensued from the BAC conviction in August of 1993. It is from this order that Director appeals.

The recent case of *Colonius v. Director of Revenue*, 884 S.W.2d 111 (Mo.App.E.D.1994), is dispositive of the issues on appeal. In *Colonius*, we cited with approval *Silman v. Director of Revenue*, 880 S.W.2d 574 (Mo. App.S.D.1994), and held that § 302.060(9) provides a basis for the Director to deny *issuing* a license to an applicant; it does not grant the Director authority to *suspend or revoke* an operator's driving privileges. *Id.,* at 575–76. As the court in *Silman* noted:

This case is not an appeal from a refusal of Director to issue a license; § 302.060(9) simply does not apply. The portion of the notice that states Licensee's "privilege to legally operate a motor vehicle has been denied for 10 year minimum" is nothing more than unartfully drafted, premature advice of the ten-year waiting period Director likely would seek to enforce against Licensee if he reapplies for a driver's license. As they did in their pleadings and at trial, the parties, in their Point I arguments, debate a non-justiciable controversy.

*Silman,* at 576. Thus, we hold it was error for the court to reinstate Petitioner's driving privileges by construing § 302.060(9), RSMo Supp.1993, in that it was not properly applicable to Petitioner and thus, not a justiciable controversy. We reverse and vacate the court's order.

REINHARD, P.J., and GARY M. GAERTNER, J., concur.