Robert L. **EATON**, Respondent,

v.

**DIRECTOR OF REVENUE**, State of Missouri, Appellant.

No. 19585.

Missouri Court of Appeals, Southern District, Division One.

Dec. 7, 1994.

Jeremiah W. (Jay) Nixon, Atty. Gen., Rodney P. Massman, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Jeffrey L. Dull, Baker & Dull Law Office, Osceola, for respondent.

MONTGOMERY, Judge.

The Director of Revenue of Missouri (Director) appeals from a judgment of the circuit court which ordered the Director to "refrain from denying Petitioner [Robert L. Eaton] his privilege to legally operate a motor vehicle under the provisions of section 302.060(9)." [1]

Eaton (Licensee) was convicted of driving while intoxicated (DWI) on February 1, 1969, in St. Clair County, and on February 18, 1974, in Cedar County. In addition, he was convicted of driving with an excessive blood alcohol content (BAC) on December 23, 1993, in St. Clair County.[2] All three offenses were violations of state law. Licensee's driving record reflects that the Director assessed twelve points against him for each conviction as required by § 302.302.1 and its predecessor. Licensee was subject to a one-year revocation of his operator's license for the last conviction pursuant to § 302.304.6.

After the last conviction, the Director sent Licensee a "Notice of Loss of Driving Privilege" (Form 104), dated January 4, 1994. The notice advised Licensee that effective February 6, 1994, his "privilege to legally operate a motor vehicle has been denied for 10 year minimum" because of "multiple DWI convictions." The last two entries under the "Driving Record" portion of the notice state, "BAC 12–23–93 St. Clair Co. 12.0 [points assessed]" and "2–06–94 Revocation." The notice also advised Licensee of his right to appeal the decision in "accordance with Section 302.311, RSMo." [3]

Licensee timely filed a petition "to review all issues pursuant to Section 302.311 RSMo." In his petition, Licensee admitted the convictions but alleged that he had not been convicted more than twice of DWI and that in all three cases, he was unrepresented by counsel and did not waive in writing his right to an attorney.

In her answer, Director confirmed that Licensee's driving privilege was denied pursuant to § 302.060(9) as a result of Licensee "having been convicted more than twice of violating state law relating to driving while intoxicated."

On April 21, 1994, the circuit court entered the judgment earlier described after finding that Licensee was unrepresented in the two DWI cases and had filed no written waiver of counsel therein.

The Director's sole point relied on alleges:

The court below erred in setting aside the 10–year denial of Respondent's driving privilege because the validity of the denial was not a justiciable issue, in that Respondent had not yet served his one-year revocation for the accumulation of points and has not yet had an application for a license denied.

Our review is governed by Rule 73.01 and *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976). We will affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Silman v. Director of Revenue,* 880 S.W.2d 574, 576 (Mo.App.1994).

Licensee requested that the circuit court review the Director's ten-year denial under the provisions of § 302.311, which provides, in pertinent part:

In the event an application for a license is denied or withheld, or in the event that a license is suspended or revoked by the director, the applicant or licensee so aggrieved may appeal to the circuit court of the county of his residence in the manner provided by chapter 536, RSMo, for the review of administrative decisions at any time within thirty days after notice that a license is denied or withheld or that a license is suspended or revoked. Upon such appeal the cause shall be heard de novo and the circuit court may order the director to grant such license, sustain the suspension or revocation by the director, set aside or modify the same, or revoke such license. Appeals from the judgment

---

1. Statutory references are to RSMo Supp.1993, unless otherwise indicated.

2. The issue raised here does not require us to decide whether a BAC conviction is an offense

"relating to driving while intoxicated." § 302.060(9).

3. In this opinion references to § 302.311 are to RSMo 1986.

of the circuit court may be taken as in civil cases.

As noted, the Director based her ten-year denial on § 302.060, which provides, in pertinent part:

> The director shall not issue any license hereunder:
>
> . . . .
>
> (9) To any person who has been convicted more than twice of violating state law or a county or municipal ordinance, where the judge in such cases was an attorney and the defendant was represented by or waived the right to an attorney in writing, relating to driving while intoxicated; except that, after the expiration of ten years from the date of conviction of the last offense of violating such law or ordinance relating to driving while intoxicated, a person who was so convicted may petition the circuit court of the county in which such last conviction was rendered and the court shall review the person's habits and conduct since such conviction. If the court finds that the petitioner has not been convicted of any offense related to alcohol, controlled substances or drugs during the preceding ten years and that his habits and conduct show him to no longer pose a threat to the public safety of this state, the court may order the director to issue a license to the petitioner if he is otherwise qualified under the provisions of sections 302.010 to 302.540. No person may obtain a license under the provisions of this subdivision through court action more than one time.

The effect of these two statutes was addressed in *Silman*, where this Court held that the Director's imposition of the ten-year denial period immediately after a licensee's third DWI conviction creates "a non-justiciable controversy." 880 S.W.2d at 576. In reaching that conclusion we said:

> [T]here is no language in § 302.060 that grants authority to the director of revenue to revoke an operator's permit; the statute prohibits the director of revenue from issuing a license to certain applicants. Nor does § 302.060(9) refer to a revocation period of ten years. The statutory ten-year period is the length of time a person to whom issuance of a license has been denied under § 302.060(9) must wait before petitioning the circuit court to order the director of revenue to issue a license. This case is not an appeal from a refusal of Director to issue a license; § 302.060(9) simply does not apply. The portion of the notice that states Licensee's "privilege to legally operate a motor vehicle has been denied for 10 year minimum" is nothing more than unartfully drafted, premature advice of the ten-year waiting period Director likely would seek to enforce against Licensee if he reapplies for a driver's license.

*Id.* (footnote omitted).

The Eastern District of this Court followed *Silman* in *Colonius v. Director of Revenue*, 884 S.W.2d 111, 112–13 (Mo.App.E.D.1994), on facts quite similar to the instant case. *Silman* and *Colonius* reached the correct result, and those cases are dispositive of the issue on this appeal.

Here, Licensee does not dispute that the Director properly assessed twelve points against his driving record due to his BAC conviction or that he was subject to a one-year revocation as a result of the points assessed. In his brief Licensee advises us that on June 8, 1994, the Director notified him by a Form 104 notice that his operator's privilege had been revoked for 329 days effective April 21, 1994, because of obtaining twelve points for his BAC conviction. Licensee states he obtained an order granting him hardship driving privilege, § 302.309.3, on July 14, 1994.[4] Director's reply brief indicates that these facts are true even though they are not part of the record before us. Under these circumstances we are entitled to consider them. *Thornbury v. Morris Oil Co.*, 846 S.W.2d 238, 239 n. 2 (Mo.App.1993). Regardless of his hardship driving privilege, Licensee must still take certain steps to regain his operator's license after his period of revocation expires. *State v. Counts*, 783 S.W.2d 181, 183 (Mo.App.1990).

---

4. Licensee's eligibility for hardship driving privilege is not an issue here. Cognizant of § 302.309.3(5)(c), we express no opinion on his eligibility.

In order to regain his operator's license, Licensee faces § 302.309.2 which provides that "[a]ny operator whose license is revoked under these sections, upon the termination of the period of revocation, shall apply for a new license in the manner prescribed by law." In that situation, § 302.304.6 requires Licensee to show proof of financial responsibility, pass the complete driver examination, and apply for a new license. An application for a new drivers license is governed by § 302.171, which requires each applicant to provide the Director with certain personal data along with a history of the applicant's driving convictions, including those for driving while intoxicated.

In describing the above statutory procedure, the involvement of § 302.060(9) becomes apparent, i.e., the statute prohibits the Director from issuing a license to certain applicants. After such a denial, § 302.311 provides for judicial review of the Director's decision. Here, if the Licensee applies for a new license and is denied because of § 302.060(9), he can appeal to the circuit court for review of that denial. In that proceeding, Licensee can present evidence that his previous DWI convictions are not covered by § 302.060(9). In short, under this statutory scheme the Director has no authority to view a person's driving privilege in light of § 302.060(9) until that person applies for a license.

Licensee relies solely on *Deline v. Director of Revenue*, No. 48699, slip op. 1994 WL 475592 (W.D.Mo. Sept. 6, 1994). There, Deline received a notice like the one received by Licensee in this case. Deline served his one-year revocation and, without applying for a new license, later filed a Petition for Review under § 302.311. The Western District of this Court upheld a circuit court judgment similar to the judgment before us. Licensee reads *Deline* as holding that § 302.311 may be used "to issue a declaratory judgment," and he may be correct in that assessment. We do not view § 302.311 in that manner because the statute, as pertinent here, only provides for circuit court review after "an

application for a license is denied." Here, no application for a license has been denied.

*Deline* attempts to distinguish *Silman* by saying, "*Silman,* contrary to this case, had as a primary live issue: the priority of the year's revocation, plus the attack on a prior DWI to halt application of the ten-year ineligibility for issuance of a new license." Slip op. at 12. If this is a distinction, it does not apply to the instant case. Here, the Licensee is in the same position as the licensee in *Silman.* For that reason, *Silman* dictates the result we reach here.

Licensee also argues that he was entitled to a declaratory judgment under Rule 87.02(c). Aside from the fact that Licensee requested review under § 302.311, Licensee failed to show that a "subsisting justiciable controversy" existed between the parties. Such a showing is necessary in order to obtain declaratory relief. *Missouri Dep't of Social Serv. v. Agi–Bloomfield Convalescent Ctr.,* 682 S.W.2d 166, 168 (Mo.App.1984). Therefore, even if Rule 87.02(c) is applicable (which we do not decide), Licensee is not entitled to any relief.

We hold that the trial court misapplied the law by ruling on a "non-justiciable controversy." The judgment is reversed.

SHRUM, C.J., and FLANIGAN, J., concur.