**Bradley Gene DAVID, Appellant,**

v.

**DIRECTOR OF REVENUE, Respondent.**

No. WD 49732.

Missouri Court of Appeals,
Western District.

Jan. 24, 1995.

Milton E. Harper, Jr., Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen.,

Mo. Dept. of Revenue, Jefferson City, for respondent.

Before FENNER, C.J., P.J., and KENNEDY and BERREY, JJ.

FENNER, Chief Judge.

Appellant, Bradley Gene David appeals the judgment of the trial court denying his Petition for Review of License Revocation.

David received a "Notice of Loss of Driving Privilege" from the Director of Revenue, State of Missouri (Director), revoking his privilege to legally operate a motor vehicle in Missouri for a period of ten years minimum commencing April 5, 1993 pursuant to section 302.060, RSMo Supp.1993.[1]

Section 302.060 states that a ten year denial of driving privileges will apply to those persons who have been convicted more than twice of violating laws related to driving while intoxicated. Section 302.060 states, in pertinent part, as follows:

> The director shall not issue any license hereunder:
>
> .... (9) To any person who has been convicted more than twice of violating the laws of this state *relating to driving while intoxicated;* except that, after the expiration of ten years from the date of conviction of the last offense of violating the laws of this state relating to driving while intoxicated, a person who was so convicted may petition the circuit court of the county in which such last conviction was rendered and the court shall review the person's habits and conduct since such conviction. If the court finds that the petitioner has not been convicted of any offense related to alcohol, controlled substances or drugs during the preceding ten years and that his habits and conduct show him to no longer pose a threat to the public safety of this state, the court may order the director to issue a license to the petitioner if he otherwise qualified under the provisions of sections 302.010 to 302.340.... (Emphasis added).

David was issued a notice from the Director on July 2, 1993 indicating that his driving privileges had been denied for a minimum of ten years due to multiple convictions relating to driving while intoxicated. The notice reflected that David had been convicted of two driving while intoxicated (D.W.I.) offenses. One DWI conviction was on September 9, 1986 and one on January 31, 1989. David was then convicted of driving with blood alcohol content above ten hundredths of 1 percent (B.A.C.). On April 5, 1993, twelve points were assessed against David's driving record for the B.A.C. conviction. The notice is reflective that the Director considered David's B.A.C. conviction to be his third offense relating to driving while intoxicated.

On July 28, 1993, David filed for review in the circuit court asking that the order denying his driving privileges for a minimum of ten years be set aside. The trial court denied David's petition and he appeals.

■■■ On appeal, David argues that the trial court erred in denying his petition because the language "relating to driving while intoxicated" as used in section 302.060(9) was not intended to include the offense of B.A.C.

The circumstances presented here have recently been addressed by the southern and eastern districts of this court. In *Colonius v. Director of Revenue,* 884 S.W.2d 111 (Mo. App.1994), the eastern district relying on the opinion of the southern district in *Silman v. Director of Revenue,* 880 S.W.2d 574 (Mo. App.1994), held that section 302.060 does not give the Director the authority to suspend or revoke an operator's driving privileges. *Colonius,* 884 S.W.2d at 113. Quoting from *Silman,* the court in *Colonius* held as follows:

> This case is not an appeal from a refusal of Director to issue a license; section 302.060(9) simply does not apply. The portion of the notice that states Licensee's "privilege to legally operate a motor vehicle has been denied for 10 year minimum" is nothing more than unartfully drafted, premature advice of the ten-year waiting period Director likely would seek to enforce against Licensee if he reapplies for a driver's license. As they did in their pleadings and at trial, the parties, in their

1. All statutory references are to RSMo Supp. 1993 unless otherwise specified.

Point I arguments, debate a non-justiciable controversy.

*Colonius,* 884 S.W.2d at 113.

In his Petition filed July 28, 1993, David did not challenge the revocation of his license for the period of one year from the point assessment date of April 5, 1993 for his B.A.C. conviction. Accordingly, David is not entitled to review until he applies to have a license issued after the period of revocation has expired and he is denied issuance of a license by the Director. Furthermore, as did the court in *Silman* and *Colonius,* we modify the Director's revocation of David's license and driving privileges to a period of one year. In order for the period of revocation to be determined, we remand for the trial court to declare the effective date of revocation to assure that David is subject to a period of revocation for one year for the B.A.C. conviction. If no stay has been issued and David's license has been under revocation pending these proceedings, the revocation would be from the point assessment date of April 5, 1993. Otherwise, the revocation is to run for the period ordered by the trial court on remand.

The judgment of the trial court denying David's petition is affirmed. However, this cause is remanded for determination of the one year period of revocation.

All concur.