**Gary Dwain POINTER, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

No. 66064.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 31, 1995.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Steven J. Bratten, Jefferson City, for respondent.

GARY M. GAERTNER, Judge.

Appellant, the Director of Revenue for the State of Missouri ("Director"), appeals from an order issued by the Osage County Circuit Court setting aside the denial of driving privileges of respondent Gary Dwain Pointer ("licensee") for ten years. We reverse.

The facts as set out in the record and Director's brief[1] are as follows. On Febru- .

---

1. Licensee did not submit a brief.

ary 25, 1993, Director issued licensee a notice revoking his driving privileges as of February 1, 1993. Director asserted licensee had been convicted three times for violating Missouri statutes "relating to driving while intoxicated." The record shows licensee was convicted twice, on October 18, 1978, and on January 3, 1989, for violating RSMo § 577.010 (1986) (driving while intoxicated); and convicted once, on December 16, 1992, for violating RSMo § 577.012 (1986) (driving with an excessive blood alcohol content).

Pursuant to RSMo §§ 302.302[2] and 302.304[3] (Supp.1993), Director assessed twelve points against licensee's license and revoked it for one year. Director also asserted that, pursuant to RSMo § 302.060(9) (Supp.1993)[4], licensee would not be issued a new license until the expiration of ten years from the date of his last conviction.

On March 24, 1993, licensee filed a petition for review in circuit court. In his petition licensee alleged: (1) Director's proposed revocation of his license on points was improper because he had not been convicted in courts of competent jurisdiction for a sufficient number of alcohol-related driving offenses to warrant imposition of the penalty points proposed by Director; (2) revocation was im-

proper because licensee's underlying convictions were not convictions for traffic offenses warranting or supporting imposition of penalty points; (3) the underlying convictions used by Director to revoke licensee's license were improper "in that no court of proper jurisdiction convicted [licensee] for any of the offenses and in that the materials forwarded to [Director] by the courts involved are fatally defective on their face and the alleged convictions reported thereon are a nullity;" and (4) loss of his license would harm licensee's employment and livelihood. Nowhere in his petition did licensee address the denial of his driving privileges for ten years pursuant to RSMo 302.060(9).

On April 1, 1993, the court entered an order staying the revocation of licensee's driver's license. On April 27, 1993, Director filed an answer asserting revocation was proper, arguing Director's assessment of points and imposition of a one year revocation upon receipt of the driving convictions was mandated by statute. Director further argued the only issue that could be addressed in the petition for review was whether Director accurately assessed the points and imposed the appropriate penalty, and that licensee could not collaterally attack the validity of the underlying convictions.

2. RSMo § 302.302 states in pertinent part:
   1. The director of revenue shall put into effect a point system for the suspension and revocation of licenses. Points shall be assessed only after a conviction ... The initial point value is as follows:

   ❋ ❋ ❋ ❋ ❋ ❋

   (8) ... for the first conviction of driving with blood alcohol content of ten-hundredths of one percent or more by weight after a previous conviction for driving while in an intoxicated condition or under the influence of controlled substances or drugs ... 12 points.

3. RSMo 302.304.6 states in pertinent part:
   The director shall revoke the license and driving privileges of any person when his driving record shows he has accumulated twelve points in twelve months ... The revocation period of any person whose license and driving privilege has been revoked under the provisions of sections 302.010 to 302.540 and who has filed proof of financial responsibility with the bureau of safety responsibility in accordance with chapter 303, RSMo, and is other-

wise eligible, shall be terminated by a notice from the director of revenue after one year from the effective date of the revocation.

4. RSMo 302.060 states in pertinent part:
   The director shall not issue any license hereunder:

   ❋ ❋ ❋ ❋ ❋ ❋

   (9) To any person who has been convicted more than twice of violating state law or a county or municipal ordinance, where the judge in such cases was an attorney and the defendant was represented by or waived the right to an attorney in writing, relating to driving while intoxicated; except that, after the expiration of ten years from the date of the conviction of the. last offense of violating such law or ordinance relating to driving while intoxicated, a person who was so convicted may petition the circuit court of the county in which such last conviction was rendered and ... the court may order the director to issue a license to the petitioner....

On March 3, 1994, the case was heard by the circuit court and taken under submission. On March 28, 1994, the court entered an order. The court made the following findings: nothing in the record reflected that licensee's December 16, 1992, conviction for driving with an excessive blood alcohol content ("BAC") was before a judge who was an attorney, a prerequisite for application of RSMo § 302.060(9); the statutory term "relating to driving while intoxicated" referred to a specific statutory offense and specifically did *not* refer to RSMo § 577.012 "BAC offenses;" and licensee had not been convicted more than twice for offenses "relating to driving while intoxicated" since his first conviction, because his December 16, 1992, conviction was not for an offense "relating to driving while intoxicated." According to the court, RSMo § 302.060(9) was not applicable to the case at hand. The court therefore sustained Director's one-year revocation of licensee's driver's license, but reversed the ten-year denial of licensee's driving privileges. This appeal ensued.

Director raises one point on appeal. Director contends the circuit court erred in setting aside the ten-year denial of licensee's driving privileges because the validity of the denial was not properly before that court. Director first argues this issue was not raised in licensee's petition for review, and therefore never properly before the court. Director then argues licensee had neither fully served the one-year "points" revocation nor had an application for reissuance of a new license been denied, as was required to challenge the application of RSMo § 302.060(9).

■ Under RSMo § 302.311 (1986), appeals from circuit court decisions regarding petitions for review are "taken as in civil cases." Accordingly, we review the judgment of the circuit court rather than the decision of Director, and affirm the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Silman v. Director of Revenue*, 880 S.W.2d 574, 576 (Mo.App.S.D.1994).

■ Regarding review of actions involving driver's licenses, we have held the circuit court's grant of relief improper where it was based upon grounds not raised in the petition for review. *Stallmann v. Director of Revenue*, 816 S.W.2d 6, 7 (Mo.App.E.D.1991); *Cillo v. Director of Revenue*, 782 S.W.2d 81, 82 (Mo.App.E.D.1989).[5] Here, we agree with Director that no issues concerning the validity of RSMo § 302.060(9) were raised by licensee in his petition for review. All allegations made in licensee's petition concerned the propriety of the one-year "points" revocation of his driver's license, which the circuit court sustained.

■ Furthermore, we agree with Director's contention that the circuit court prematurely invalidated the ten-year denial of licensee's driving privileges. The Missouri Supreme Court recently held that challenges to Director's denial of driving privileges pursuant to RSMo 302.060(9) are non-justiciable, when such challenges are made before the licensee has had his or her application for a new license denied by Director pursuant to RSMo § 302.060(9). *Adkisson v. Director of Revenue*, 891 S.W.2d 131, 133 (Mo. banc 1995).

■ According to the Supreme Court, "during the period of revocation required by [RSMo] § 302.304.6, no justiciable controversy exists as to whether a driver may be denied a license under [RSMo] § 302.060(9)." *Adkisson*, 891 S.W.2d at 132. The Supreme Court quoted with approval the following passage from *Silman:*

> The portion of the notice that states Licensee's "privilege to legally operate a motor vehicle has been denied for 10 year minimum" is nothing more than unartfully drafted, premature advice of the ten-year waiting period Director likely would seek to enforce against Licensee if he reapplies for a driver's license.

*Id.,* 891 S.W.2d at 133 (citing *Silman*, 880

---

5. *Stallmann* and *Cillo* involved appeals brought under RSMo § 303.290.2 (1994), which contains language identical to that of RSMo § 302.311. *See Silman,* 880 S.W.2d at 576 n. 4.

S.W.2d at 576).[6] Director has no authority to act with respect to a person's driving privileges under RSMo § 302.060(9) until an application is made for a license. *Id.*, 891 S.W.2d at 133. When a licensee's driving privileges are revoked, the licensee is not entitled to apply for a new license until the revocation period has run. *Id.* If Director should deny the licensee's application for a new license, "the applicant may seek review under [RSMo] § 302.311 and may present evidence that he has not been convicted of an offense qualifying for suspension under [RSMo] § 302.060(9)." *Id.*

Here, licensee had served only two months of the one-year revocation period, and was not yet eligible to apply for, or be denied, a new license. Licensee could not appeal Director's refusal to issue him a new license for ten years until he had actually been refused. RSMo § 302.060(9) was not properly applicable to licensee and therefore not a justiciable controversy.

The circuit court's decision reversing the Director's denial of licensee's driving privileges for ten years was based upon grounds not alleged by licensee in his petition for review, and was not a justiciable issue at the time of the hearing. That part of the decision was therefore entered without jurisdiction. We accordingly reverse and vacate that part of the court's decision regarding Director's ten-year denial of licensee's driving privileges.

REINHARD, P.J., and CRAHAN, J., concur.

---

**6.** This Court adheres to *Silman. See Johnston v. Director of Revenue,* 885 S.W.2d 766, 767 (Mo. App.E.D.1994); *Colonius v. Director of Revenue,* 884 S.W.2d 111, 113 (Mo.App.E.D.1994).