**Clinton VON FILER, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

**No. 19613.**

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 14, 1995.

---

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

David J. Roth, II, Lowes & Drusch, Cape Girardeau, for respondent.

GARRISON, Presiding Judge.

The Director of Revenue of Missouri (Director) appeals from an "Order and Judgment" of the circuit court by which it set aside the Director's Form 104 "Notice of Loss of Driving Privilege" (Notice) mailed to Respondent on January 7, 1994. The Notice informed Respondent that effective December 30, 1993, his "privilege to legally operate a motor vehicle has been denied for 10 year minimum" because of "multiple DWI convictions." The Notice also contained a "Driving Record" reflecting three DWI convictions, the last of which resulted in the assessment of twelve points and revocation of Respondent's driving privileges as of December 30, 1993. The Notice also informed Respondent that he had thirty days from January 7, 1994 within which to appeal pursuant to § 302.311.[1]

Respondent filed an "Appeal for Judicial Review" in the circuit court pursuant to § 302.311 seeking a "review of denial of his driver's license" in which he alleged that the Director's Notice advising him "that his driver's license would be denied for ten years" was "improper and not supported by Petitioner's [Respondent's] driver's record." The Director's Answer included an allegation that Respondent's driving privileges were denied pursuant to § 302.060(9), RSMo Supp.1993, and in support alleged the three DWI convic-

---

1. Unless otherwise stated, all references to stat-    utes are to RSMo 1986.

tions and attached a certified copy of Respondent's driving record.

The trial court, in its Order and Judgment which is the subject of this appeal, found that Respondent had three DWI convictions; that there was no evidence that Respondent had been represented by an attorney or waived that right in writing in connection with each of the three convictions and therefore that the Director had failed to meet the requirements of § 302.060(9);[2] and that "the order of Respondent [Director] of January 7, 1994 denying his privilege to operate a motor vehicle as of December 30, 1993 for a period of ten years minimum, is hereby set aside and held for naught."

The Director's sole point on this appeal alleges:

The court below erred in setting aside the denial of respondent's driving privilege because the validity of the denial was not a justiciable issue, in that respondent had neither completed his revocation due to his points accumulation nor had an application for a new license denied.

■ As per Rule 73.01(c) and *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), we are to affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Silman v. Director of Revenue*, 880 S.W.2d 574, 576 (Mo.App.S.D.1994).

The petition filed by Respondent in the instant case recited that it was pursuant to § 302.311. That section provides, in pertinent part:

In the event an application for a license is denied or withheld, or in the event that a license is suspended or revoked by the director, the applicant or licensee so aggrieved may appeal to the circuit court of the county of his residence in the manner provided by chapter 536, RSMo, for the review of administrative decisions at any time within thirty days after notice that a license is denied or withheld or that a license is suspended or revoked.

The portion of the Notice about which Respondent complained was the statement that "effective 12–30–93 your privilege to legally operate a motor vehicle has been denied for 10 year minimum." In giving that Notice the Director purported to act pursuant to § 302.060(9), which provides, in pertinent part:

The director shall not issue any license hereunder:

. . . .

(9) To any person who has been convicted more than twice of violating state law or a county or municipal ordinance, where the judge in such cases was an attorney and the defendant was represented by or waived the right to an attorney in writing, relating to driving while intoxicated; except that, after the expiration of ten years from the date of conviction of the last offense of violating such law or ordinance relating to driving while intoxicated, a person who was so convicted may petition the circuit court of the county in which such last conviction was rendered and the court shall review the person's habits and conduct since such conviction.

■ The recent Missouri Supreme Court decision in *Adkisson v. Director of Revenue*, 891 S.W.2d 131 (Mo. banc, 1995), is dispositive of this appeal. In *Adkisson*, at 132, the court held that to the extent a Form 104 Notice purported to deny driving privileges for ten years, such as the one about which Respondent complains here, it was unauthorized by statute and constituted nei-

2. At the conclusion of the hearing on Respondent's petition, the prosecutor, representing the Director, requested leave to supplement the court record to show that, in accordance with § 302.060(9), the Respondent had either been represented by counsel or waived that right in each of the DWI convictions and further that the judge in each case was an attorney. The trial court indicated that it would allow the prosecutor to supplement the file but would take the matter under advisement and consider it again at the time a ruling was made. In the Judgment, the circuit court denied the request to supplement the record.

ther a notice of suspension or revocation of driving privileges nor a denial of an application for a license. In *Adkisson*, the court quoted with approval the following language from *Silman v. Director of Revenue*, 880 S.W.2d at 576:

> [T]here is no language in § 302.060 that grants authority to the director of revenue to revoke an operator's permit; the statute prohibits the director of revenue from issuing a license to certain applicants. Nor does § 302.060(9) refer to a revocation period of ten years. The statutory ten-year period is the length of time a person to whom issuance of a license has been denied under § 302.060(9) must wait before petitioning the circuit court to order the director of revenue to issue a license. This case is not an appeal from a refusal of Director to issue a license; § 302.060(9) simply does not apply. The portion of the notice that states Licensee's "privilege to legally operate a motor vehicle has been denied for 10 year minimum" is nothing more than unartfully drafted, premature advice of the ten-year waiting period Director likely would seek to enforce against Licensee if he reapplies for a driver's license. As they did in their pleadings and at trial, the parties, in their Point I arguments, debate a non-justiciable controversy.

*See also Eaton v. Director of Revenue*, 888 S.W.2d 731, 733 (Mo.App.S.D.1994); *Johnston v. Director of Revenue*, 885 S.W.2d 766, 767 (Mo.App.E.D.1994); and *Colonius v. Director of Revenue*, 884 S.W.2d 111, 113 (Mo. App.E.D.1994). These cases, together with *Silman*, all stand for the principle that § 302.060(9) provides a basis upon which the Director may deny an application for a license, but it does not authorize the Director to suspend or revoke driving privileges, and that during the period of revocation required by § 302.304.6, RSMo Supp.1993, there is no justiciable controversy about whether a driver may be denied a license under § 302.060(9).

■ In *Adkisson*, the court concluded that a petition for judicial review for denial of a license does not state a claim and the court does not have authority to grant relief under § 302.311 until a person applies for and is denied a license. In the instant case, Respondent does not allege that he made an application for a license which was denied or withheld. In fact, his driving privileges were under revocation for the most recent DWI conviction at the time of the proceedings in question, and pursuant to § 302.309.2, RSMo Supp.1993, he was not entitled to apply for a new license until the end of that period of revocation.

As the court did in *Adkisson*, we hold that Respondent's petition seeking a judicial review of the Director's Notice failed to allege facts demonstrating that he was entitled to relief pursuant to § 302.311. The trial court was, therefore, without authority to grant relief and its Judgment setting aside the Notice is hereby reversed.[3] In reversing the Judgment, however, we do not imply any validity to that portion of the Notice about which Respondent complained (the purported denial of driving privileges for ten years) or disagreement with the Supreme Court which held, in *Adkisson*, that a similar notice, except to the extent that it informed Respondent of the assessment of points and the revocation of his license, was a nullity. *Adkisson*, at 133.

PREWITT and PARRISH, JJ., concur.

---

**3.** The trial court, although not requested to do so, also found that Respondent was convicted of DWI on December 1, 1993, for which twelve points should be assessed against his license under § 302.302, RSMo Supp.1993, and his license should be revoked for one year under § 302.304.6 and ordered the Director to do so. This portion of the Order and Judgment is not at issue in this appeal and this decision, although reversing the judgment as requested by the Director, should not be construed as having any effect on the power of the Director to take any statutorily authorized action as a result of that conviction.