Johnny Dee DAWSON, Plaintiff–
Respondent,

v.

DIRECTOR OF REVENUE, STATE OF
MISSOURI, Defendant–Appellant.

No. 19245.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 2, 1995.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Dan K. Purdy, Osceola, for respondent.

PARRISH, Judge.

The Director of Revenue (the director) notified respondent Johnny Dee Dawson that his driving privileges would be denied for "multiple DWI convictions." This determination was based on two convictions of respondent for driving while intoxicated (DWI)—his driving record revealed DWI convictions on September 24, 1984, and January 14, 1993—and a June 23, 1993, conviction for driving with an excessive blood alcohol content (BAC).

Respondent filed a petition for review or, in the alternative, for limited driving privileges. The trial court ordered respondent's driving privileges reinstated for the reason that he "ha[d] not been convicted more than twice of offenses. [sic] relating to driving while intoxicated." The trial court held that driving with an excessive blood alcohol content, § 577.012,[1] was not an offense "relating to driving while intoxicated" as required by § 302.060(9), RSMo Supp.1993. The director appeals.

This court initially reversed the judgment reinstating respondent's driving privileges based on *Wilson v. Director of Revenue,* 873 S.W.2d 328 (Mo.App.1994). *Wilson* held that driving with an excessive blood alcohol content is an offense "relating to driving while intoxicated" for purposes of § 302.060. *Id.* at 330.

The Supreme Court of Missouri granted transfer. It then retransferred the case "for reconsideration in light of *Randall Dean Adkisson v. Director of Revenue, State of Missouri,* 891 S.W.2d 131 (Banc Mo.1995)."

The facts in *Adkisson* are consistent with the facts in this case. Adkisson had been convicted of two DWI offenses, § 577.010, and one BAC offense, § 577.012. He was notified by the director that his driving privileges were "denied for 10 year minimum reason multiple DWI convictions." The director's notice identified Adkisson's two DWI convictions and his BAC conviction as the bases for revocation of his driver's license.

Adkisson sought administrative review of the revocation of his license. The trial court upheld the revocation. The supreme court held that the trial court correctly denied relief; that Adkisson's petition for review

1. References to statutes are to RSMo 1986, unless stated otherwise.

failed to state a claim upon which relief could be granted.

Adkisson's driving privileges were revoked because he accumulated 12 points within a 12–month period. § 302.304.6, RSMo Supp. 1993. He was not entitled to receive a new license until his revocation period terminated and he applied for a new license. § 302.309.2, RSMo Supp.1993. His petition for review did not disclose that Adkisson had undertaken to obtain a new driver's license by applying for and being denied a license.

Here, as in *Adkisson*, respondent had accumulated 12 points within a 12–month period. Twelve points were assessed following respondent's June 23, 1993, BAC conviction in view of his having previously been convicted of DWI. *See* § 302.302, RSMo Supp.1993. Respondent's petition for review does not state that respondent followed the requisite statutory procedure of applying for and being denied a license. It failed to state a claim upon which relief could be granted. The judgment is reversed.

GARRISON, P.J., and CROW, J., concur.