**Michael David LEGGETT, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

No. 19793.

Missouri Court of Appeals,
Southern District,
Division One.

March 1, 1995.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Stephen C. Wilson, Buerkle, Beeson, Ludwin, Wilson & Jackson, L.C., Jackson, for respondent.

MONTGOMERY, Judge.

The Director of Revenue of Missouri (Director) appeals from an "Order and Judgment" of the circuit court which set aside the Director's denial of Respondent's privilege to operate a motor vehicle. On April 1, 1994, the Director mailed Respondent a Form 104 "Notice of Loss of Driving Privilege" (Notice) which informed Respondent that effective May 10, 1994, his "privilege to legally operate a motor vehicle has been denied for 10 year minimum" because of "multiple DWI convictions." The driving record portion of the Notice indicated that Respondent had two DWI convictions and a conviction for "BAC" (driving with excessive blood alcohol

content, § 577.012)[1] which resulted in the assessment of 12 points and revocation of Respondent's driving privileges as of May 10, 1994. Respondent was informed by the Notice that he had 30 days from April 1, 1994, within which to appeal under § 302.311.

Respondent filed a petition for review pursuant to § 302.311 in which he alleged that the Director's decision was not in accordance with § 302.060(9). The Director's answer included an allegation that Respondent's driving privileges were denied pursuant to § 302.060(9) as a result of Respondent having been convicted more than twice of violating state law relating to driving while intoxicated.

The trial court found that § 302.060(9) is vague and ambiguous, and therefore Respondent "has not been convicted 'more than twice' of violating state law 'relating to driving while intoxicated.'" As a result, the Director's denial was set aside.

The Director's sole point on appeal alleges:

The court below erred in setting aside the denial of Respondent's driving privilege because the validity of the denial was not a justiciable issue, in that Respondent had neither completed his revocation due to his points accumulation nor had an application for a new license denied.

Because our review of this case is governed by Rule 73.01(c) and *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976), we are to affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Silman v. Director of Revenue,* 880 S.W.2d 574, 576 (Mo.App.1994).

Respondent's petition recited that it was filed pursuant to § 302.311. In pertinent part, that section provides:

In the event an application for a license is denied or withheld, or in the event that a license is suspended or revoked by the director, the applicant or licensee so aggrieved may appeal to the circuit court of the county of his residence in the manner provided by chapter 536, RSMo, for the review of administrative decisions at any time within thirty days after notice that a license is denied or withheld or that a license is suspended or revoked.

In denying Respondent's privilege to operate a motor vehicle for ten years, the Director purported to act under § 302.060(9) which provides, in pertinent part:

The director shall not issue any license hereunder:

. . . .

(9) To any person who has been convicted more than twice of violating state law or a county or municipal ordinance, where the judge in such cases was an attorney and the defendant was represented by or waived the right to an attorney in writing, relating to driving while intoxicated; except that, after the expiration of ten years from the date of conviction of the last offense of violating such law or ordinance relating to driving while intoxicated, a person who was so convicted may petition the circuit court of the county in which such last conviction was rendered and the court shall review the person's habits and conduct since such conviction.

Respondent's quarrel with the Director centered on the application of this provision to his particular driving record.

The Missouri Supreme Court recently decided the case of *Adkisson v. Director of Revenue,* 891 S.W.2d 131 (Mo. banc 1995), which is dispositive of this appeal. *Adkisson* held that to the extent a Form 104 Notice purported to deny driving privileges for ten years, such as the Notice Respondent received here, it was unauthorized by statute and constituted neither a notice of suspension or revocation of driving privileges nor a denial of an application for a license. *Adkisson* quoted with approval the following language from *Silman,* 880 S.W.2d at 576:

[T]here is no language in § 302.060 that grants authority to the director of revenue to revoke an operator's permit; the statute prohibits the director of revenue from issuing a license to certain applicants. Nor does § 302.060(9) refer to a revocation period of ten years. The statutory ten-year

---

1. Statutory references are to RSMo 1994 unless otherwise indicated.

period is the length of time a person to whom issuance of a license has been denied under § 302.060(9) must wait before petitioning the circuit court to order the director of revenue to issue a license. This case is not an appeal from a refusal of Director to issue a license; § 302.060(9) simply does not apply. The portion of the notice that states Licensee's "privilege to legally operate a motor vehicle has been denied for 10 year minimum" is nothing more than unartfully drafted, premature advice of the ten-year waiting period Director likely would seek to enforce against Licensee if he reapplies for a driver's license. As they did in their pleadings and at trial, the parties, in their Point I arguments, debate a non-justiciable controversy.

*Adkisson* and *Silman* stand for the principle that § 302.060(9) provides a basis upon which the Director may deny an application for a license, but the statute does not authorize the Director to suspend or revoke driving privileges. These cases hold that during the period of revocation required by § 302.304.6, there is no justiciable controversy concerning whether a driver may be denied a license under § 302.060(9).

*Adkisson* held that a petition for judicial review for denial of a license does not state a claim and the court does not have authority to grant relief under § 302.311 until a person applies for and is denied a license. Here, Respondent does not allege that he made an application for a license which was denied or withheld. Actually, his driving privileges were under revocation for his recent BAC conviction at the time of the proceedings in question, and pursuant to § 302.309.2, he was not entitled to apply for a new license until the end of that period of revocation.

We hold that Respondent's petition seeking a judicial review of the Director's denial of his privilege to operate a motor vehicle failed to allege facts demonstrating that he was entitled to relief under § 302.311. Therefore, the trial court was without authority to grant relief, and its judgment is hereby reversed.[2]

SHRUM, C.J., and FLANIGAN, J., concur.

---

2. Although not requested to do so, the trial court found that Respondent "is subject to a 12 month revocation as a result of the accumulation of points against his drivers license." This portion of the judgment is not at issue in this appeal and our decision, although granting the relief requested by the Director, should not be construed as restricting the Director's authority to take any statutorily authorized action as a result of Respondent's BAC conviction.