Kurt Matthew **BRICKA,** Respondent,

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI,** Appellant.

No. 19710.

Missouri Court of Appeals,
Southern District,
Division Two.

March 16, 1995.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

No appearance, for respondent.

GARRISON, Presiding Judge.

The Director of Revenue of Missouri (Director) appeals from a "Judgment and Order" of the Circuit Court of Greene County entered on June 28, 1994 by which it ordered the Director to set aside a ten (10) year revocation of Respondent's driving privileges. We reverse that judgment.

On December 6, 1993, the Director mailed Respondent a Form 104 "Notice of Loss of Driving privilege" (Notice) which stated that effective January 8, 1994, "your driving privilege to legally operate a motor vehicle has been denied for 10 year minimum" because of "multiple DWI convictions." Also included in the Notice was a "Driving Record" indicating three DWI convictions, the last one being on November 24, 1993 which resulted in the assessment of twelve points and the revocation of Respondent's driving privileges as of January 8, 1994.

Respondent sought judicial review requesting that the court "set aside the ten (10) year revocation ... and to modify said revocation order to the proper term of one (1) year." After an evidentiary hearing, the court found that Respondent did not have as many as three alcohol-related offenses wherein he was represented by counsel or waived his right to counsel in writing and entered its Judgment by which it ordered the Director to "set aside and remove from [Respondent's] driving record, the ten (10) year revocation of driving privileges."

The Director's sole point on this appeal alleges:

The court below erred in setting aside the denial of respondent's driving privilege because the validity of the denial was not a justiciable issue, in that respondent had neither completed his revocation due to his points accumulation nor had an application for a new license denied.

■ As per Rule 73.01(c) and *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), we are to affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Silman v. Director of Revenue*, 880 S.W.2d 574, 576 (Mo.App.S.D.1994).

Respondent's petition for review was filed pursuant to § 302.311[1] which provides, in pertinent part:

In the event an application for a license is denied or withheld, or in the event that a license is suspended or revoked by the director, the applicant or licensee so aggrieved may appeal to the circuit court of the county of his residence in the manner provided by chapter 536, RSMo, for the review of administrative decisions at any time within thirty days after notice that a license is denied or withheld or that a license is suspended or revoked.

In his petition, Respondent sought to appeal "the wrongful decision ... to revoke [Respondent's] license for a ten (10) year minimum" as contained in the Notice. The Notice was apparently based on § 302.060(9), which provides:

The director shall not issue any license hereunder:

. . . .

(9) To any person who has been convicted more than twice of violating state law or a county or municipal ordinance, where the judge in such cases was an attorney and the defendant was represented by or waived the right to an attorney in writing, relating to driving while intoxicated; except that, after the expiration of ten years from the date of conviction of the last offense of violating such law or ordinance relating to driving while intoxicated, a person who was so convicted may petition the circuit court of the county in which such last conviction was rendered and the court shall review the person's habits and conduct since such conviction.

---

1. All statutory references are to RSMo 1994.

The recent Missouri Supreme Court decision of *Adkisson v. Director of Revenue*, 891 S.W.2d 131 (Mo. banc 1995), is dispositive of this appeal. In *Adkisson* the court held that to the extent a Form 104 Notice purported to deny driving privileges for ten years, such as the one about which Respondent complains here, it was unauthorized by statute and constituted neither a notice of suspension or revocation of driving privileges nor a denial of an application for a license. The court cited *Silman v. Director of Revenue*, 880 S.W.2d at 576, for the proposition that § 302.060 does not authorize the director of revenue to suspend or revoke an operator's permit, but rather provides a basis upon which the director may deny applications for licenses; and the reference in § 302.060(9) to a period of "ten years from the date of conviction" does not refer to a period of revocation, but rather the period a person, whose license has been denied pursuant to § 302.060(9), must wait before petitioning the circuit court to order the director to issue a license. The court concluded, in *Adkisson*, that § 302.060 gives the director no authority until an application is made for a license, and that a petition for judicial review did not state a claim and the reviewing court had no authority to grant relief pursuant to § 302.311 until the person applied for and was denied a license. *See also Leggett v. Director of Revenue*, 894 S.W.2d 697 (Mo. App.S.D.1995); *Von Filer v. Director of Revenue*, 893 S.W.2d 850 (Mo.App.S.D.1995); *Eaton v. Director of Revenue*, 888 S.W.2d 731, 733 (Mo.App.S.D.1994); *Johnston v. Director of Revenue*, 885 S.W.2d 766, 767 (Mo. App.E.D.1994); and *Colonius v. Director of Revenue*, 884 S.W.2d 111, 113 (Mo.App.E.D. 1994).

In the instant case, Respondent does not allege that he made an application for a license which was denied or withheld. In fact, his driving privileges were under revocation for the most recent DWI conviction at the time of the proceedings in question, and pursuant to § 302.309.2, he was not entitled to apply for a new license until the end of that period of revocation.

As the court did in *Adkisson*, we hold that Respondent's petition seeking a judicial review of the Director's Notice failed to allege facts demonstrating that he was entitled to relief pursuant to § 302.311. The reviewing court was, therefore, without authority to grant relief and its Judgment setting aside the Notice is hereby reversed. As we said in *Von Filer*, in reversing the Judgment we do not imply any validity to that portion of the Notice about which Respondent complained (the purported denial of driving privileges for ten years) or disagreement with the Supreme Court which held, in *Adkisson*, that a similar notice, except to the extent that it informed Respondent of the assessment of points and the revocation of his license, was a nullity.

Judgment reversed.

PREWITT and PARRISH, JJ., concur.