**Gregory A. DELINE, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

**No. WD 48699.**

Missouri Court of Appeals, Western District.

April 4, 1995.

L.G. Copeland Law Offices, L.G. Copeland, Michael S. Holder, Columbia, for respondent,

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Before LOWENSTEIN, P.J., and SMART and ELLIS, JJ.

LOWENSTEIN, Judge.

This is an action brought by a driver, Deline, under § 302.311, RSMo 1986 [1] to contest the Director of Revenue's (Director) notice, "your privilege to legally operate ... has been denied for a ten year minimum," for the reason of "multiple DWI convictions," such action taken by the Director pursuant to § 302.060(9).[2] Both statutes are set out in

---

1. **302.311. Suspension or revocation—appeals from—procedure.**

   In the event an application for a license is denied or withheld or in the event that a license is suspended or revoked by the director, the applicant or licensee so aggrieved may appeal to the circuit court of the county of his residence in the manner provided by chapter 536, RSMo, for the review of administrative decisions at any time within thirty days after notice that a license is denied or withheld or that a license is suspended or revoked. Upon such appeal the cause shall be heard de novo and the circuit court may order the director to grant such license, sustain the suspension or revocation by the director, set aside or modify the same, or revoke such license. Appeals from the judgment of the circuit court may be taken as in civil cases. The prosecuting attorney of the county were such appeal is taken, shall appear in behalf of the director, and prosecute or defend, as the case may require.

2. Section 302.060.9, RSMo, (Cum.Supp.1991), as amended effective July 1, 1992, is now set out. The underlined portions reflect the additions made to this subsection—the rest of the text is unchanged from the former law as found in the 1990 Cumulative Supplement.

   The Director **shall not issue** any license hereunder:
   "9) To any person who has been convicted more than twice of violating state law <u>or a county or municipal ordinance, where the judge in such cases was an attorney and the defendant was represented by or waived the right to an attorney in writing,</u> relating to driving while intoxicated; except that, after the expiration of ten years from the date of conviction of the last offense of violating such law <u>or ordinance</u> relating to driving while intoxicated, a person who was so convicted may petition the circuit court of the county in which such last conviction was rendered and the court

footnotes 1 and 2. Deline's action sought judicial determination that one of his admitted three prior driving while intoxicated convictions could not be counted against him for imposition of § 302.060(9) sanctions, since he was not represented by, nor had he waived counsel. The trial court granted relief, the Director appealed, and this court issued an opinion which affirmed the trial court. The Supreme Court granted transfer. The Supreme Court then handed down *Adkisson v. Director of Revenue,* 891 S.W.2d 131 (Mo. banc 1995). The Deline case was re-transferred here for reconsideration in light of Adkisson. Both cases came to the appellate level on the same procedural footing, and there is no question *Adkisson* controls the outcome of the appeal of Deline.

Just as in *Adkisson,* Deline, after being revoked for points from a DWI conviction, received the same notice, paraphrased above and reprinted in the Adkisson opinion. *Adkisson,* 891 S.W.2d at 131–32. Just as in *Adkisson,* Deline filed this action under § 302.311. The only difference between the two cases is that Adkisson's request for relief; i.e., a blood alcohol conviction (§ 577.012) should not count as a DWI, was rejected, *Id.* at 131–32, while Deline satisfied the trial court he did not have nor waive counsel when he was found guilty of a DWI, thus invoking the protection injected into § 302.060(9), effective July 1, 1992. That language is underscored in footnote no. 2. Simply put, Deline was revoked for a year for accumulation of points resulting from his third DWI conviction of August, 1988. Section 302.302.1(8). The notice he received from the Director on September 30, 1988 said he was revoked effective September 15th for a year and indicated he was ineligible to apply for a new license for ten years. Deline served the years' revocation, and filed this action to negate the ten year hiatus following the legislative action in 1992 which, for the first time, gave him the right to

contest an earlier (July 1975) DWI conviction.

The Supreme Court held the form notice sent out by the Director, "... is a premature and somewhat confusing statement ... to advise appellant of how some future application for driving privileges will be treated. A notice giving such advice has no basis in the statutes and is unauthorized." The Court continued that § 302.060(9) did not apply in such a case, *id.* at 133, and under the combination of § 302.304.6 and 309.2, RSMo Supp. 1993, having been revoked for accumulation of points, "... appellant was not entitled to apply for a new license until the termination of the period of revocation." *Id.* With the notice having been relegated to oblivion by the above quoted language, the Court emphatically stated a driver would have to follow the statutory procedure for applying for a new license and doing the necessary things as required by statute; such as retaking the test and showing proof of financial responsibility. *Id.* Then, to quote from Adkisson:

> If the director should deny the application because of § 302.060(9), the applicant may seek review under § 302.311 and may present evidence that he has not been convicted of an offense qualifying for suspension under § 302.060(9).

This statutory scheme does not give the director any authority to act with regard to a person's driving privileges under § 302.060 until an application is made for a license. The notice purporting to start a thirty-day period in which to appeal is also foreign to the statutory scheme. The giving of the notice did not trigger a right to appeal the director's purely advisory opinion. More importantly, the notice does not bar appellant from challenging the director's reliance on § 302.060 in a future appeal from a denial of an application for an operator's license. Except to the extent the notice informed appellant of the

shall review the person's habits and conduct since such conviction. If the court finds that the petitioner has not been convicted of any offense related to alcohol, controlled substances or drugs during the preceding ten years and that his habits and conduct show him to no longer pose a threat to the public

safety of this state, the court may order the director to issue a license to the petitioner if he is otherwise qualified under the provisions of sections 302.010 to 302.540. No person may obtain a license under the provisions of this subdivision through court action more than one time;" (Emphasis added)

assessment of points and the revocation of his license, it was a nullity.

The *Adkisson* message is clear: The trial court could not grant relief to Deline because the Deline petition did not state a claim, since he had not made application for, and been denied, a new license by the Director because of the three priors. Following this mandated reversal, Deline is free to apply to the Director for a new license, and to there contest, if necessary, any sanction under § 302.060(9) sought to be imposed.

The judgment of the trial court is reversed.

All concur