**Richard A. BEACH, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

**No. WD 51422.**

Missouri Court of Appeals, Western District.

Oct. 29, 1996.

Charles L. Gooch, Jefferson City, for appellant.

James Walker, Kansas City, for respondent.

HANNA, Presiding Judge.

■ The director of Missouri's Department of Revenue appeals the circuit court's order to reinstate respondent Richard A. Beach's driver's license. The issue on appeal is whether the circuit court had subject matter jurisdiction over the respondent's original and amended petitions.

Beach had been notified by the director on October 26, 1992, that he was ineligible for driving privileges for a minimum ten year period under § 302.060(9), RSMo 1994, because he had more than two convictions for offenses relating to driving while intoxicated. Beach conceded in his pleadings to the associate circuit court that the notice he relied on was unofficial, similar to the one mentioned in *Adkisson v. Director of Revenue*, 891 S.W.2d 131 (Mo. banc 1995). It was not a notice as contemplated in § 302.311, RSMo 1994.

On January 5, 1995, Beach filed a petition for review pursuant to § 302.311, RSMo 1994, asserting that one of his DWI convictions had been without counsel or valid waiver of counsel and, therefore, that he should not be subject to the ten year suspension. The director filed a motion to dismiss for failure to state a claim, arguing that Beach had not yet applied for and been denied a driver's license. Beach then applied for a license on March 25, 1995, and was denied because he was under the ten year minimum ineligibility period. Beach filed an amended petition on May 24, 1995, after his license application had been denied. The circuit court found that one of Beach's DWI convictions had been without counsel or valid waiver of counsel and, therefore, could not be used by the director for the imposition of the ten year ineligibility penalty. The circuit court ordered the director to reinstate Beach's driver's license.

■ The director argues that the circuit court lacked subject matter jurisdiction over both Beach's original petition and his amended petition. She asserts that Beach's original petition was filed prematurely and his amended petition was filed too late to be timely. It is the law of this state that failure

to follow the statutory requirements for obtaining judicial review of a driving privilege revocation, by failing to timely file a petition for review, deprives the circuit court of subject matter jurisdiction. *Fitzgibbons v. Director of Revenue*, 891 S.W.2d 566, 568 (Mo. App.1995).

Beach filed his original petition for review with the circuit court under § 302.311, RSMo 1994. The statutory procedure for obtaining judicial review under this section requires that he first apply for and be denied a driver's license. *Adkisson*, 891 S.W.2d at 133. The *Adkisson* court held that the notice of ineligibility for driving privileges for a minimum ten year period under § 302.060(9), RSMo 1994, does "not trigger a right to appeal the Director's purely advisory opinion." *Id.* If Beach has not applied for and been denied a new driver's license by the director, then Beach's petition fails to state a claim upon which relief can be granted.

In *Deline v. Director of Revenue*, 913 S.W.2d 337 (Mo.App.1995), Deline complained that one of his prior convictions for DUI could not be counted against him because he was not represented by counsel and had not waived counsel. Deline had not made an application for his driver's license. The trial court ordered the director to permit Deline to apply for his license. This court held that the applicant's petition for review was premature because he had not applied for and been denied a new license. *Id.* at 338–39. This court held that the running of the thirty day period in which the petition may be filed with the circuit court is triggered by the denial of the director following the application for license. *Id.* It is clear from *Adkisson* and *Deline* that because the petitioners had not applied for licenses, the trial courts did not have subject matter jurisdiction. *Adkisson*, 891 S.W.2d at 132–33; *Deline*, 913 S.W.2d at 339.

Beach argues that the circuit court did have jurisdiction over his original petition because "the thirty day time period for appealing a denial of the driver's license pursuant to § 302.311 does not apply to the advisory opinion issued by the Director of Revenue pursuant to RSMo § 302.060(9)...." While Beach is correct that the thirty day filing

deadline does not apply to this unofficial notice of ineligibility from the director, this argument is irrelevant. When Beach's original petition was filed on January 5, 1995, he previously had received unofficial notice of his ineligibility, but he had not applied for and been denied a license by the director. Therefore, Beach's original petition failed to state a claim upon which relief could be granted, and the circuit court lacked subject matter jurisdiction over this petition. *Adkisson*, 891 S.W.2d at 132.

Once an application for a license has been made and denied, the applicant may seek judicial review "at any time within thirty days after notice that a license is denied or withheld...." § 302.311, RSMo 1994. The failure to file a petition for review within this thirty day deadline "deprives the circuit court of subject matter jurisdiction." *Fitzgibbons*, 891 S.W.2d at 568. The only action a court can take when it lacks subject matter jurisdiction is to dismiss the petition. *Id.* While Beach applied for and was denied a driver's license on March 25, 1995, he did not file an amended petition alleging these facts until May 24, 1995, which is well beyond the thirty day filing deadline. Because he did not file his petition within thirty days after his application for a license was denied, the circuit court lacked subject matter jurisdiction.

Beach argues that his amended petition relates back to the filing date of his January 5, 1995 petition, which was prior to the expiration of thirty days after the adverse March 25, 1995 decision.

■ An amended pleading will relate back if the allegations in that pleading arose out of the same conduct, transaction or occurrence as the claim set out, or attempted to be set out, in the original pleading. *Wells v. Nulton*, 898 S.W.2d 653, 657 (Mo.App.1995). As discussed, Beach's original petition failed because the circuit court lacked subject matter jurisdiction.

The trial court was engaged in the exercise of statutory powers granted by § 302.309 and therefore, the court's subject matter jurisdiction was limited by statute. *Richard v. Director of Revenue*, 869 S.W.2d 913, 914

**318**

(Mo.App.1994). The court acting outside of the time limits mandated by § 302.311 denies it subject matter jurisdiction.

■ Lacking subject matter jurisdiction, the circuit court may take no action other than to exercise its power to dismiss the action. Rule 55.27(g)(3); *Suglio v. Director of Revenue,* 879 S.W.2d 753, 754 (Mo.App. 1994). Any other action taken by a court lacking subject matter jurisdiction is null and void. *Ogle v. Director of Revenue,* 893 S.W.2d 403, 404 (Mo.App.1995). In *Evans v. Director of Revenue,* 871 S.W.2d 90 (Mo.App. 1994), the assistant prosecuting attorney's confession of judgment, reinstating Evans' driving privileges, did not vest the trial court with jurisdiction to rule on Evans' petition for review of the revocation of his license, which was not filed within 30 days of notice. *Id.* at 92. The court's jurisdiction can not be conferred by agreement, consent, waiver or confession. *Miller v. Director of Revenue,* 871 S.W.2d 648, 649 (Mo.App.1994); *Gunn v. Director of Revenue,* 876 S.W.2d 42, 43 (Mo. App.1994). See also, *Renfro v. Director of Revenue,* 810 S.W.2d 723 (Mo.App.1991), in which the court denied petitioner's amended petition per a "relation back" argument because the trial court lacked subject matter jurisdiction over the original petition. *Id.* at 725. Where there is no subject matter jurisdiction because the claim did not exist at the time of the filing of the original petition, relation back is unavailable.

Therefore, the circuit court, without subject matter jurisdiction over either of petitioner's filings, was left with no authority but to dismiss both. Beach's untimely amended petition cannot be saved by the relation back doctrine, and the circuit court erred in not dismissing his amended petition.

The judgment of the circuit court is reversed and remanded with instructions to dismiss the petition for review.

SMART and EDWIN H. SMITH, JJ., concur.