**Michael J. HANCOCK, Plaintiff–Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent–Appellant.**

No. 20918.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 12, 1996.

Jeremiah W. (Jay) Nixon, Attorney General, Charles L. Gooch, Special Assistant Attorney General, Mo. Dept. of Revenue, Jefferson City, for respondent-appellant.

Lawrence R. Catt, Springfield, for plaintiff-respondent.

BARNEY, Presiding Judge.

The Director of Revenue (Director) appeals the decision of the trial court reinstating the driving privileges of Michael J. Hancock (Respondent).

Our review is governed by Rule 73.01 and *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976). We will affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence or unless it erroneously declares or applies the law. *Id.* at 32; *Leggett v. Director of Revenue,* 894 S.W.2d 697, 698 (Mo.App.1995).

Respondent was convicted on April 13, 1994, of a City of Springfield municipal DWI violation (on a June 23, 1992, arrest), and convicted on April 21, 1994, of a state DWI violation in Greene county (on a January 17, 1993, arrest).

The Director notified Respondent that pursuant to § 302.060(10),[1] he was ineligible for a driver's license for a period of five years beginning May 27, 1994,[2] for having been convicted twice of DWI within a five year period.

Respondent was also notified of his one year license revocation, effective July 5, 1994, pursuant to § 302.304.6,[3] for a twelve point assessment resulting from his April 21, 1994, state DWI conviction.

Respondent filed a petition for review in the circuit court of Greene county, Missouri,

---

1. All statutory references are to RSMo Cum. Supp.1992, unless otherwise specified.

2. May 27, 1994, is the date the Department of Revenue assessed twelve points against Respondent for his April 21, 1994, state DWI conviction.

3. Section 302.304.6 states in pertinent part:
   The director shall revoke the license and driving privileges of any person when his driving record shows he has accumulated twelve points in twelve months or eighteen points in twenty-four months or twenty-four points in thirty-six months. The revocation period of any person whose license and driving privilege has been revoked ... shall be terminated by a notice from the director of revenue after one year from the effective date of the revocation.

pursuant to § 302.311, RSMo 1986. In Count I of his petition, Respondent averred:

> That on or about July 5, 1994, [Director] purports to revoke the operating privileges of [Respondent] for a period of five years as a result of obtaining twelve or more points.[4]

In her answer the Director averred that she had relied on § 302.060(10)[5] in denying Respondent's driving privileges for a period of five years.

Pursuant to § 302.311, RSMo 1986 a trial *de novo* was heard on January 8, 1996. The focus of the proceeding was whether Respondent's City of Springfield DWI offense could be considered in denying Respondent driving privileges for five years under § 302.060(10). This section was amended in 1992 to include county or municipal DWI convictions. The amended statute became effective July 1, 1992, eight days after Respondent was arrested for his City of Springfield DWI offense.

The trial court refused to allow Respondent's DWI conviction for the City of Springfield offense to be utilized by the Director for the denial of Respondent's driving privileges

pursuant to § 302.060(10), since the offense occurred prior to the effective date of the amendment.

On appeal, the Director maintains that although § 302.060(10), as amended, became effective July 1, 1992, it was subject to retroactive application.[6] Our review of the record, however, reveals that we are precluded from deciding this issue. This is because, as explained below, during the period of revocation required by § 302.304.6, there is no justiciable controversy concerning whether an operator may be denied a license under § 302.060(10).

Section 302.060(10) is similar to § 302.060(9).[7] The main difference between subsections (9) and (10) is that subsection (9) requires the Director to refrain from issuing a license to an operator for a period of ten years if the operator has been convicted of *more than two offenses relating to DWI*, while subsection (10) instructs the Director to refrain from issuing a license to an operator for a period of five years if the operator has been convicted of *two DWI offenses* within a five year period.

---

**4.** Respondent's petition incorrectly stated the action the Director was taking. As of July 5, 1994, Respondent's license was *revoked* by the Director for a one year period as a result of obtaining twelve or more points. A notice sent by the Director, of a five year *denial* of his license effective May 27, 1994, was "purely advisory" in nature and "did not trigger a right to appeal." *Adkisson v. Director of Revenue*, 891 S.W.2d 131, 133 (Mo. banc 1995).

**5.** Section 302.060(10) states, in pertinent part:

> The director shall not issue any license hereunder
>
> . . . .
>
> (10) To any person who has been *convicted twice within a five-year period* of violating state law or a county or municipal ordinance, where the judge in such cases was an attorney and the defendant was represented by or waived the right to an attorney in writing, of driving while intoxicated. . . . The director shall not issue a license to such person for five years from the date such person was convicted . . . for driving while intoxicated for the second time. (Emphasis added.)

**6.** Respondent has not filed a brief. While no penalty is imposed by statute or rule for this failure, we are left without the benefit of his authorities and arguments. As a result we are

dependent upon the Director's and our own research in deciding the issue. *B.J.H. v. L.H.*, 779 S.W.2d 777, 778 (Mo.App.1989).

**7.** Section 302.060(9) states, in pertinent part:

> The director shall not issue any license hereunder:
>
> (9) To any person who has been convicted more than twice of violating state law or a county or municipal ordinance, where the judge in such cases was an attorney and the defendant was represented by or waived the right to an attorney in writing, relating to driving while intoxicated; except that, after the expiration of ten years from the date of conviction of the last offense of violating such law or ordinance relating to driving while intoxicated, a person who was so convicted may petition the circuit court of the county in which such last conviction was rendered and the court shall review the person's habits and conduct since such conviction. If the court finds that the petitioner has not been convicted of any offense related to alcohol, controlled substances or drugs during the preceding ten years and that his habits and conduct show him to no longer pose a threat to the public safety of this state, the court may order the director to issue a license to the petitioner if he is otherwise qualified. . . .

There have been a number of recent decisions beginning with the Missouri Supreme Court's opinion in *Adkisson v. Director of Revenue*, 891 S.W.2d 131 (Mo. banc 1995) that clarify the necessary statutory procedure to be followed when challenging a license denial under 302.060(9).[8] It logically follows that as both subsections (9) and (10) contain statutory mandates to the Director to refuse a license to certain individuals with multiple DWI related offenses, cases clarifying the procedure to be followed for subsection (9) apply, as well, to subsection (10).

In *Adkisson*, an operator appealed the ten year denial of his license, theretofore entered by the Director, pursuant to § 302.060(9). The Supreme Court of Missouri held that the operator's application for relief under § 302.311 was premature in that the operator could not challenge the denial of his license until his one year revocation for points assessment under § 302.304.6 had expired. Section 302.060(9) "provides a basis upon which the Director may deny an application for a license, but it does not authorize the Director to suspend or revoke driving privileges, and that during the period of revocation required by § 302.304.6, there is no justiciable controversy about whether a driver may be denied a license...." *Von Filer v. Director of Revenue*, 893 S.W.2d 850, 853 (Mo.App.1995). Section 302.060 gives the Director no authority until an application is made for a license. *Bricka v. Director of Revenue*, 895 S.W.2d 281, 283 (Mo.App.1995).

Respondent's petition does not allege that he made an application for a license which was denied or withheld. To the contrary, the petition was filed on July 11, 1994, six days after the one year revocation became effective. He was not entitled to apply for a new license until the end of his revocation period. § 302.304.6; § 302.309.2.

Respondent has failed to allege facts demonstrating that he was entitled to relief pursuant to § 302.311. Therefore, the trial court was without authority to grant relief and its Order reinstating the driving privileges of Respondent is reversed. *See Bricka*, 895 S.W.2d at 283.

GARRISON and PREWITT, JJ., concur.

---

8. *See, e.g., Deline v. Director of Revenue*, 913 S.W.2d 337 (Mo.App.1995); *Palatsky v. Director of Revenue*, 896 S.W.2d 721 (Mo.App.1995); *Eubanks v. Director of Revenue*, 895 S.W.2d 274 (Mo.App.1995); *Bricka v. Director of Revenue*, 895 S.W.2d 281 (Mo.App.1995); *Grimes v. Director of Revenue*, 895 S.W.2d 308 (Mo.App. 1995); *Friedmeyer v. Director of Revenue*, 894 S.W.2d 240 (Mo.App.1995); *Leggett v. Director of Revenue*, 894 S.W.2d 697 (Mo.App.1995); *Von Filer v. Director of Revenue*, 893 S.W.2d 850 (Mo.App.1995); *Dawson v. Director of Revenue*, 892 S.W.2d 791 (Mo.App.1995); *Pointer v. Director of Revenue*, 891 S.W.2d 876 (Mo.App. 1995).