MURDOCK, Justice
(dissenting).
The main opinion finds that the parties and the trial court “failed to understand the import” of the jurisdictional defect pointed out in Cadle Co. v. Shabani, 950 So.2d 277 (Ala.2006) (“Shabani /”). Respectfully, I disagree.
In Shabani I, this Court’s mandate did not include an instruction to the trial court *464 to enter a judgment in favor of Shabani. Nor did it include an instruction to the trial court to dismiss the action. Instead, this Court merely vacated the particular judgment that had been entered. For all that appears from the opinion (and the only thing that was necessary for' this Court to decide), Cadle simply did not have standing to assert the particular claims alleged in the complaint as it existed at the time of the judgment reviewed in Shabani I.
On remand, therefore, Cadle apparently reasoned — understandably in my view— that if the problem was its lack of standing to bring the particular claims it had alleged in the original complaint, that problem could be solved simply by amending the complaint to assert claims that it did have standing to assert. That is all it did. Its doing so, and the parties and the trial court’s decision to proceed with the litigation thereafter, did not conflict with this Court’s decision that the original judgment entered by the trial court must be vacated.
Had it been necessary for the amendment to the complaint filed by Cadle on remand to relate back to the filing of the original complaint, that would be a different matter. The amendment would be ineffective for that purpose. Such is the import of this Court’s seminal decision in State v. Property at 2018 Rainbow Drive, 740 So.2d 1025, 1028 (Ala.1999), in which this Court stated that “a pleading purporting to amend a complaint, which complaint was filed by a party without standing, cannot relate back to the filing of the original complaint, because there is nothing ‘back’ to which to relate.”
The original complaint in Rainboiv Drive was filed by the City of Gadsden, seeking a “condemnation and forfeiture” of property under § 20-2-93, Ala.Code 1975. The City, however, did not have authority under that statute to initiate such an action. It was not until another 15 months had passed (and an even greater time had passed from the actual seizure of the subject property) that the City of Gadsden and the State of Alabama jointly moved the trial court to “ ‘amend the complaint ... to add the State of Alabama as a party plaintiff.’ ” 740 So.2d at 1027. This delay occurred against the backdrop of a procedural statute that required the “ ‘Attorney General of the state to institute at once or cause to be instituted condemnation proceedings in the circuit court by filing a complaint in the name of the State against the property seized....’” 740 So.2d at 1027 (quoting § 28-4-286, Ala.Code 1975 (emphasis added)). Accordingly, the opinion of this Court in Rainbow Drive necessarily was concerned with whether the City and State’s efforts to add the State as a plaintiff well over a year after the arrest of the defendant and the seizure of his property would “ ‘relate[ ] back,’ pursuant Ala. R. Civ. P. 15(c), to the date the original complaint was filed.” 740 So.2d at 1027. The Court made clear that it was concerned with whether the defect in the City’s original complaint could “ ‘be cured nunc pro tunc back to the date when the original complaint was filed.’ ” 740 So.2d at 1028 (quoting Tyler Home Apartments, Ltd. v. United States, 38 Fed.Cl. 1, 7 (Fed. C1.1997)).
Rainboiv Drive relied upon three federal cases, all of which addressed the efficacy of amendments to complaints in the context of whether they related, back to the date the original complaint was filed. Tyler House Apartments, Ltd., supra, involved an attempt by a party without standing to acquire a cause of action after the party had already filed an action and after the statute of limitations had run. Gaia Techs., Inc. v. Reconversion Techs., Inc., 93 F.3d 774 (Fed.Cir.1996), did not involve an amendment to a complaint add *465 ing a party or a new claim. Instead, in that case, the plaintiff attempted, after filing an action to vindicate certain intellectual-property rights, to acquire those particular rights. The Gaia court was concerned with whether the plaintiffs actions could effect a “nunc pro tunc assignment of patent and trademark rights” “sufficient to confer standing on Gaia retroactively.” 93 F.3d at 779. Finally, in Reynolds v. United States, 748 F.2d 291, 292 (5th Cir. 1984), the court was concerned, as was the court in Tyler House, with whether an amended complaint “should have ‘related back’ under Rule 15(c), Fed.R.Civ.P.,” because, if it did not, it would be barred by the applicable statute of limitations, which had run in the interim between the filing of the original complaint and the plaintiffs attempt to file the amended complaint. 748 F.2d at 293.
The case of Beach v. Director of Revenue, 934 S.W.2d 315, 318 (Mo.Ct.App. 1996), cited by the Rainboiu Drive Court for the proposition that when a court lacks subject-matter jurisdiction, it must dismiss the action and that “ ‘[a]ny other action taken by a court lacking subject matter jurisdiction is null and void,’ ” 740 So.2d at 1029, did not involve an amendment to a complaint that, if allowed, would give rise from the time of that amendment to a viable action brought by a party with proper standing. Instead, as in Tyler House and Reynolds, the plaintiffs attempt in Beach to amend his complaint came only after the expiration of a deadline for seeking judicial review. Therefore, it was indeed true that the only action the trial court could take was to dismiss the petition before it. 934 S.W.2d at 317.[3]
In the present case, however, the viability of Cadle’s amended complaint does not depend on its ability to relate back to anything. It is not necessary that there be anything “back” to which Cadle’s amended complaint can relate. This is so because, unlike Rainbotv Drive and the cases upon which the Court based its decision in that case, between the time of the filing of the original complaint and the filing of the amended complaint, no statute of limitations ran and no other temporal bar arose. Unlike Rainbow Drive, it is enough that Cadle’s claim for reformation was viable beginning merely on the date it was filed,[4]
*466 Because there is no concern in this case, as there was in Rainbow Drive and the cases it relied upon, as to whether Cadle’s amended complaint relates back to the time of the filing of the original complaint, the proper result in the present case is suggested by the following discussion in Pressroom Unions-Printers League Income Security Fund v. Continental Assurance Co., 700 F.2d 889 (2d Cir.1983):
“Though we have previously recognized that an amendment adding a party that brings the case within a district court’s jurisdiction can be granted, Hackner v. Guaranty Trust Co., 117 F.2d 95 (2d Cir.), cert. denied, 313 U.S. 559 (1941), such an amendment, where new service is required, does not relate back to the original suit, and would be a new action, id.; York v. Guaranty Trust Co., 143 F.2d 503, 518 (2d Cir.1944) (construing Hackner), rev’d on other grounds, 326 U.S. 99 (1945). In such circumstances, the district court has discretion whether to permit the ‘amendment, ’ ... and Judge Conner properly exercised his discretion to deny the motion to amend after noting that possible statute of limitations defenses distinguished this case from Hackner, where no such obstacles appeared.”
700 F.2d at 893 n. 9 (emphasis added).
As the United States Court of Appeals for the Second Circuit opined in the case of Hackner v. Guaranty Trust Co. of New York, 117 F.2d 95 (2d Cir.1941), a trial court’s allowing the parties to amend the pleadings so as to allege a viable claim over which the court has subject-matter jurisdiction does not contravene the fundamental principle that a court without subject-matter jurisdiction may not address the merits of the case before it:
“Since [the plaintiff] alleges grounds of suit in the federal court, the only question is whether or not she must begin a new suit again by herself. Defendants’ claim that one cannot amend a nonexistent action is purely formal, in the light of the wide and flexible content given to the concept of action under the new rules. Actually [the plaintiff] has a claim for relief, an action in that sense; as ... the Supreme Court has pointed out, there is no particular magic in the way it is instituted. Chisholm v. Gilmer, 299 U.S. 99 [ (1936) ], ... upholding a suit instituted by mere motion for judgment. ... So long as a defendant has had service ‘reasonably calculated to give him actual notice of the proceedings,’ the requirements of due process are satisfied. ... Hence no formidable obstacle to a continuance of the suit appears here, whether the matter is treated as one of amendment or of power of the court to add or substitute parties, Federal Rule 21, or of commencement of a new action by filing a complaint with the clerk, Rule 3. In any event we think this action can continue with respect to [the plaintiff] without the delay and expense of a new suit ....
[[Image here]]
“Where new service of process is required, it would appear that [the plaintiff’s] claim would not relate back to the date of original suit .... But that issue is not one of jurisdiction, but of time and manner of its exercise.”
117 F.2d at 98-99 (emphasis added).
In Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989), the United States Su *467 preme Court began its analysis of subject-matter jurisdiction by observing the general principle that “[t]he existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed.” 490 U.S. at 830,109 S.Ct. 2218. The Court then went on to discuss an exception to this general rule in the form of Rule 21 of the Federal Rules of Civil Procedure, which allows parties to be added or dropped at any stage of the proceedings, discussing in the process the earlier case of Mullaney v. Anderson, 342 U.S. 415, 72 S.Ct. 428, 96 L.Ed. 458 (1952):
“Almost every modern Court of Appeals faced with this issue has concluded that it has the authority to dismiss a dispensable nondiverse party by virtue of Rule 21. ... [W]e are reluctant to disturb this well-settled judicial construction, particularly when there is no evidence that this authority has been abused by the courts of appeals (or the district courts for that matter). Furthermore, we have ourselves exercised a similar authority under Rule 21. In Mullaney v. Anderson, 342 U.S. 415 (1952), the defendant first questioned the plaintiff-union’s standing to bring suit when the case reached this Court. Relying explicitly on Rule 21, we avoided deciding the standing issue by granting the union’s motion to add as parties two of its members. Although we did not discuss extensively Rule 21’s applicability in the appellate setting, we did note that the change in the parties would not have ‘affected the course of the litigation’ if it had occurred at some earlier point, and would not ‘embarrass the defendant.’ Id., at 417. The Court further remarked that dismissing the petition and thereby requiring the plaintiffs to start over in the District Court ‘would entail needless waste and runs counter to effective judicial administration.’ Ibid.”
490 U.S. at 833, 109 S.Ct. 2218 (emphasis added) (footnote omitted).
In the present case, unlike in Pressroom Unions, there was no “possible statute of limitations defense” that would call into question the trial court’s discretionary decision to allow Cadle to amend its complaint to state a viable cause of action, seeking reformation of the sheriffs deed, which Cadle had standing to bring. I see no compelling reason it should not have been allowed to do so, rather than requiring it to incur the additional time and expense associated with initiating an entirely new action.[5]
By looking to the amended, rather than the original, complaint, the trial court here will not have, on the basis of the problematic original complaint, “assumed juris *468 diction for the purpose of deciding the merits.” Steel Co. v. Citizens for a Better Env’t, 523 U.S. 83, 94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). It will have exercised authority over the case only for the purpose of addressing, or allowing the plaintiff to address, issues pertaining to the court’s own jurisdiction. See generally Ex parte Textile Workers Union of America, 249 Ala. 136, 141, 30 So.2d 247, 250 (1947) (“It is an accepted principle that every court of general jurisdiction has the judicial power to determine the question of its own jurisdiction.”).
Based on the foregoing, I dissent from the decision in the main opinion to vacate the judgment, dismiss the case, and dismiss this appeal. I do not think the trial court was without jurisdiction to enter the second summary judgment, and I would proceed to consider this case on its merits.

. I further note that neither Rainbow Drive nor Beach imposes a time limit on when the trial court must dismiss the action. Neither of those cases requires that the trial court dismiss the action so quickly as to frustrate an otherwise proper attempt by a plaintiff to cure a pleading defect that contributed to the standing problem in the first place. The main opinion represents the first example of which I am aware of this Court's appending the word "forthwith" to the general statement that the trial court must dismiss an action in which the allegations of the complaint are not sufficient to invest the court with subject-matter jurisdiction. 4 So.3d at 463.

. The Advisory Committee Notes to the 1966 Amendment of Rule 15(c), Fed.R.Civ.P., explain that the relation-back doctrine “is intimately connected with the policy of the statute of limitations." See also 6A Charles Alan Wright et al., Federal Practice and Procedure § 1496 at 64-65 (2d ed. 1990) (explaining that the purpose of Rule 15(c) is to allow a plaintiff to avoid the preclusive effect of statute of limitations). Thus, the operative principle in the above-discussed cases in not applicable here because we are not engaging the relation-back mechanism of Rule 15(c) in an effort to "cure” a jurisdictional defect nunc pro tunc. Instead, we have here a situation where the amended complaint becomes the operative pleading for purposes of evaluating the trial court’s subject-matter jurisdiction on remand. This result draws support from the United States Supreme Court decision in Rockwell Int'l Corp. v. United States, 549 U.S. 457, 473-474, 127 S.Ct. 1397, 1409, 167 L.Ed.2d 190 (2007), in which the Justices stated that "when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended *466 complaint to determine jurisdiction.” See also InterGen N.V. v. Grina, 344 F.3d 134, 145 (1st Cir.2003) (stating holding that, under ordinary rules of pleading and practice, the amended complaint replaces the original complaint).

. Nor does the fact that it is this Court, an appellate court, that brought the jurisdictional defect in the original complaint to the plaintiff’s attention, rather than the opposing party or the trial court, make it any more necessary that the plaintiff start over with its action. See generally 6 Charles Alan Wright et al., Federal Practice and Procedure § 1488 at 652-57 (2d ed. 1990) ("Quite appropriately, the courts have not imposed any arbitrary time restrictions on a party's leave to amend and permission has been granted under Rule 15(a) at various stages of the litigation ... even on remand following an appeal.”). A lower court to which a case has been remanded may permit new issues to be presented by an amended pleading that is consistent with the judgment of the appellate court. 6 Wright, § 1489 at 698-99.
I also note that a court may constitutionally exercise jurisdiction over a case even though it does not secure solid jurisdictional footing until some time after the case has been brought. See, e.g., Caterpillar, Inc. v. Lewis, 519 U.S. 61, 73, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996) (curing a wrongful exercise of removal jurisdiction); Newman-Green, 490 U.S. at 837, 109 S.Ct. 2218 (involving dropping a party in order to cure a jurisdictional defect).